[Civ. No. 1228.   Fourth Appellate District.—April 11, 1934.]

## J. A. d'ARTENAY et al., Appellants, v. NIS HANSEN et al., Respondents.

Clark Clement and E. W. Holland for Appellants.

John F. Pryor, Farnsworth, Burke & Maddox and James K. Abercrombie for Respondents.

MARKS, J.—This is an appeal from a judgment entered after the sustaining of an amended demurrer to plaintiffs' complaint without leave to amend. The demurrer was both general and special. Among various grounds it plead the bar of the cause of action by the provisions of subdivision 1, section 339 of the Code of Civil Procedure.

An examination of the complaint discloses the following allegations: That the plaintiffs and the defendants were husbands and wives; that on or about September 1, 1922, a written contract was entered into whereby the defendants agreed to sell land in Kings County, together with 320 shares of water stock, to J. A. d'Artenay, and on the same day entered into a written amendment of the contract, copies of both of which agreements were attached to the

pleading; that J. A. d'Artenay entered into possession of the property and retained possession until he was ejected by process of court; that on June 20, 1929, defendants commenced an action in the Superior Court of Kings County against these plaintiffs to quiet the title to the real property in question; that these plaintiffs filed an answer in the quiet title action setting forth the two contracts of September 1, 1922, and alleging that J. A. d'Artenay had performed all of the terms and conditions of the two contracts to be performed by him; that the action was tried; that judgment was rendered on October 28, 1929, quieting the title of Nis and Minnie D. Hansen to the real property and canceling the two contracts of purchase; that execution was immediately issued and J. A. and Octavia d'Artenay ejected from the property; that J. A. and Octavia d'Artenay appealed and the judgment was reversed and *remittitur* filed on May 20, 1932 (see *Hansen* v. *d'Artenay*, 121 Cal. App. 746 [9 Pac. (2d) 889]); "that the commencement of said action, and the making and entry of said judgment, and the ejec· tion of said plaintiffs (J. A. and Octavia d'Artenay) from said premises thereunder as aforesaid, were without legal cause or right, and that it was the intent of said defendants (Nis and Minnie D. Hansen) in causing said unauthorized acts, to abandon said contract and said modification thereof, and to rescind the same"; that prior to the commencement of the quiet title action J. A. and Octavia d'Artenay had paid Nis and Minnie D. Hansen $51,485.32 on account of the purchase price; that at the time that action was instituted "the plaintiff J. A. d'Artenay had performed all ˚of the terms and conditions of said agreement and modification thereof required of him to be performed thereunder"; "that said plaintiffs (J. A. and Octavia d'Artenay) have elected, and do hereby elect, to treat said contract as abandoned as aforesaid, and have therefore demanded, and hereby demand, from said defendants (Nis and Minnie D. Hansen) the repayment to plaintiffs (J. A. and Octavia d'Artenay) of said sum of fifty-one thousand four hundred eighty-five dollars and thirty-two cents ($51,485.32); that since said judgment of reversal, and preceding the commencement of this action, plaintiffs (J. A. and Octavia d'Artenay) served upon defendants (Nis and Minnie D. Hansen) notice in writing of said election and said demand, a copy of which

said notice is attached hereto, marked 'Exhibit C', and made a part of this complaint''; that no part of the sum of $51,485.32 has been repaid to J. A. and Octavia d'Artenay, and judgment is prayed for that amount together with interest.

It is the theory of the plaintiffs that the suit instituted by defendants to quiet title, and the ejectment of plaintiffs from the property, was a wrongful invasion of their rights under the two contracts of purchase, and amounted to an abandonment of the contracts and entitled the plaintiffs to rescind them and recover the purchase money. (*Heilig* v. *Parlin,* 134 Cal. 99 [66 Pac. 186]; *Bray* v. *Lowery,* 163 Cal. 256 [124 Pac. 1004]; *San Diego Const. Co.* v. *Mannix,* 175 Cal. 548 [166 Pac. 325]; *Lemle* v. *Barry,* 181 Cal. 6 [183 Pac. 148, 149]; *Gaume* v. *Sheets,* 181 Cal. 119 [183 Pac. 535]; *Peloian* v. *Waldman,* 54 Cal. App. 116 [201 Pac. 344]; *Michaelian* v. *Elba Land Co.,* 76 Cal. App. 541 [245 Pac. 476].)

That the institution of the action to quiet title might have been regarded by the plaintiffs as an invasion of their rights. and an abandonment of the contracts is admitted by the defendants. They urge that the intention to abandon the contracts was evidenced by the filing of the suit to quiet title on June 20, 1929; that the plaintiffs could have acquiesced in the abandonment of the contracts and effected the rescission on that date. They further urge that the plaintiffs' cause of action for the recovery of the money paid accrued on June 20, 1929; that it was not founded upon a written instrument but an implied promise to repay the money; that the time within which to institute the action to recover the money is limited to two years by the provisions of subdivision 1, section 339 of the Code of Civil Procedure; that as their complaint was not filed until May 27, 1932, their cause of action is barred by the statute of limitations. The trial court adopted this theory in sustaining the amended demurrer to the complaint without leave to amend.

The plaintiffs seek to escape the results of this argument by urging that the question of whether or not they had violated the terms of the two contracts was the essence of the dispute between the parties in the quiet title action; that Nis and Minnie D. Hansen urged that such a breach had oc-

curred and that it permitted them to enforce the forfeiture clause of the contracts. Plaintiffs maintained that no such breach had occurred and that the contracts were in full force and effect; that this question was not adjudicated until the decision of this court in the case of *Hansen* v. *d'Artenay, supra,* had become final and the *remittitur* had been filed in the trial court; that they acted promptly thereafter to assert the abandonment and rescission and sue for the return of the money.

It seems well settled in California that when a vendor wrongfully attempts to enforce the forfeiture clause in a contract of sale by a suit to quiet title, such action amounts to an abandonment of the contract and the vendee may immediately elect to treat the contract as rescinded and sue for the return of the purchase money paid. In *Lemle* v. *Barry, supra,* it was said: "It follows that on June 4, 1913, the vendee was not in default for failure to make the payment due sixty days from the date of the contract, and that the attempt to declare a forfeiture on the theory that the vendee was in default was unavailing and that the contract still remained in full force and effect. (*Boone* v. *Templeman,* 158 Cal. 298 [139 Am. St. Rep. 126, 110 Pac. 947].) Under the circumstances the vendors' notice was, in effect, an unauthorized attempt to abandon the contract. It is true that their action was predicated upon the erroneous claim that the vendee was in default for failing to make the sixty-day payment. If the vendee, in fact, had been in default, a notice that the contract was terminated would have been proper, and the vendors would be no longer bound, either to convey the land or refund the purchase money. Such notice would have been in strict accord with the contract. (*Glock* v. *Howard,* 123 Cal. 1, 10 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713]; *Oursler* v. *Thacher,* 152 Cal. 739 [93 Pac. 1007]; *Skookum Oil Co.* v. *Thomas,* 162 Cal. 539, 549 [123 Pac. 363]; *Cross* v. *Mayo,* 167 Cal. 594 [140 Pac. 283]; *Meyers* v. *Williams,* 173 Cal. 301 [159 Pac. 982].) As it was, the vendee immediately upon receiving the vendors' unwarranted notice had the right to treat the same as an abandonment of the contract, and to the return of the instalment of the purchase price theretofore paid." (See, also, *Gaume* v. *Sheets, supra.*)

It seems clear, therefore, that had the plaintiffs here

elected to do so they could have treated the contract as abandoned at any time after the complaint to quiet title was filed on June 20, 1929, and could have sued immediately for the refund of their money. This they did not elect to do. They filed an answer setting forth their contracts and asserting an interest in the property under them, denying that they were in default in the performance of their obligations under the contracts and alleging faithful performance by themselves. The case went to trial on the issues thus framed and the trial court rendered judgment against them. The judgment was reversed by this court on appeal upon the ground that the evidence failed to show default on the part of J. A. and Octavia d'Artenay. This decision left the case in the same condition as though it had never been tried except for our conclusion on the sufficiency of the evidence introduced at the trial. We established no new rights in any of the parties but merely declared their rights as they existed when the pleadings were filed in that action. When the *remittitur* was filed it left the case at issue to be tried again on the complaint of the plaintiffs to quiet title to the property and the answer of the defendants in which they set up an interest in the property through their contracts of purchase which must have been considered by them in full force and effect under such allegations. Without abandoning this defense or releasing or offering to release any interest held in the real estate and water stock under the contracts of purchase then in full force and effect under the allegations of the answer in the quiet title action, J. A. d'Artenay served a notice on Nis and Minnie D. Hansen stating that he acquiesced in their abandonment of the contracts, treating them as rescinded and demanded the repayment to him of the $51,485.32 and interest. This notice was dated May 19, 1932, and the present action was filed May 27, 1932. The legal position of the parties was exactly the same on May 19 and May 27, 1932, as it was immediately after the filing of the complaint to quiet title on May 20, 1929. At that time J. A. and Octavia d'Artenay had the choice of various methods of procedure. They could stand upon their contracts and insist upon the maintenance of their rights under them, "or, they could accept the defendants' (Nis and Minnie D. Hansen) attempted repudiation and abandonment of the contract, and, treating them as thus

rescinded, sue for the return of the money already paid on them''. (*Pearson* v. *Brown,* 27 Cal. App. 125 [148 Pac. 956].) J. A. and Octavia d'Artenay elected to stand on the contracts and defend under them for almost three years. In the meantime the statute of limitations ran against their cause of action for the recovery of the portion of the purchase price paid. The plaintiffs cannot complain at this result because the choice of remedies was their own. They might be able to stand on their contracts and defend against the quiet title action, retaining whatever interest in the land and water stock their contracts give them. ■ Where a party fails to bring an available action within the time prescribed, and there is no legal disability existing, the statute of limitations is not tolled by his electing to avail himself of some other remedy.

The case of *Thomas* v. *Pacific Beach Co.,* 115 Cal. 136 [46 Pac. 899], is factually similar to the instant case and is decisive of the question we are considering. The Pacific Beach Company and Thomas entered into a contract of sale and purchase of real property. The Pacific Beach Company served Thomas with a notice of default under the terms of his contract, which consisted in the failure of Thomas to make a payment on the purchase price. It appeared that Thomas was not in default at the time of the service of the notice for the reason that the Pacific Beach Company had failed to tender a deed to the property. Thomas treated the notice of default as an abandonment of the contract by the Pacific Beach Company and brought suit for the recovery of the installments which he had paid on the purchase price. The trial court overruled a demurrer to the plaintiff's complaint, which plead the bar of the action in two years by the provisions of subdivision 1, section 339 of the Code of Civil Procedure. The question decided was whether the limitation of two years or four years applied. In deciding this matter the Supreme Court said: ''There is in this contract no express stipulation or agreement to do the thing which the action seeks to enforce. The contract was to convey the title upon payment of the price, but there is no agreement to repay in default of such conveyance. The action is to recover the money so paid, by reason of a refusal to convey, and is necessarily based upon the *implied* promise of the grantor that it would so

repay the money in default of making title. . . . Actions of the character of the one at bar have been uniformly treated as actions resting in *implied assumpsit,* as for money had and received (*Joyce* v. *Shafer,* 97 Cal. 335 [32 Pac. 320]; *Shively* v. *Semi-Tropic Land etc. Co.,* 99 Cal. 259 [33 Pac. 848); and, under the facts alleged, we think this case must be so regarded and as governed by the two years' limitation prescribed by subdivision 1 of section 339.''

It follows in the instant case that the plaintiffs' cause of action to recover the purchase money was barred in two years after the filing of the complaint to quiet title by Nis and Minnie D. Hansen and that the amended demurrer to their complaint was properly sustained.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.