[Civ. No. 1388. Fourth Appellate District.—April 18, 1936.]

NIS HANSEN et al., Respondents, v. J. A. D'ARTENAY et al., Appellants.

294

N. Lindsay South and Sam Taylor for Appellants.

John F. Pryor, Farnsworth, Burke and Maddox and James K. Abercrombie for Respondents.

MARKS, J.—This is an appeal by J. A. d'Artenay and his wife Octavia from an order of the Superior Court of Kings County denying their motion for restitution of the property involved in this action. Various phases of the controversy have been before this court before. (*Hansen* v. *d'Artenay,* 121 Cal. App. 746 [9 Pac. (2d) 889]; *d'Artenay* v. *Hansen,* 138 Cal. App. 39 [31 Pac. (2d) 460].)

Plaintiffs were the owners of eight hundred acres of land in the Tulare Lake Bottoms, and three hundred twenty shares of stock in the Gates-Jones Ditch. Under date of September 1, 1922, they entered into an executory contract for the sale of this property to J. A. d'Artenay. On June 20, 1929, they instituted an action against d'Artenay, and others, to quiet title to the property. On October 28, 1929, judgment was rendered in favor of Mr. and Mrs. Hansen quieting their title against all defendants. Mr. and Mrs. d'Artenay alone appealed and the judgment against them was reversed by this court. (*Hansen* v. *d'Artenay, supra.*) The *remittitur* was issued May 20, 1932. On November 19, 1929, Mr. and Mrs. Hansen had been put in possession of the real property by the sheriff of Kings County. d'Artenay and his wife made a motion for restitution of the property which was denied on November 27, 1934, and this appeal followed. No final judgment has been entered by the Superior Court of Kings County in the case of *Hansen* v. *d'Artenay.*

On December 15, 1928, the F. G. Cross Hardware Company, a corporation, commenced an action in the Superior Court of Kings County against J. A. d'Artenay to recover money alleged to be due it on an express contract. An attachment was issued and levied on the interest of d'Artenay in the property in question. Judgment was rendered in favor of the F. G. Cross Hardware Company in that action and an execution was issued on March 2, 1929, and levied upon the interest of d'Artenay in the real property in controversy here. On March 29, 1929, the interest of d'Artenay was sold to the F. G. Cross Hardware Company and the sheriff's certificate of sale delivered to it and recorded on April 1, 1929. A sheriff's deed was executed and delivered to the F. G. Cross Hardware Company and recorded on May 9, 1930, conveying to it all of d'Artenay's interest in the property. The proceedings in that case are not attacked and we must assume their regularity.

On June 12, 1930, the F. G. Cross Hardware Company conveyed all its right, title and interest in the property to Nis Hansen. This deed would seem to furnish the reason for the order denying the motion for restitution of the premises to d'Artenay and his wife.

The F. G. Cross Hardware Company was joined as one of the defendants in the case of *Hansen v. d'Artenay, supra,* and judgment went against it, as well as the other defendants. The F. G. Cross Hardware Company did not appeal and the judgment against it has long since become final.

Mr. and Mrs. d'Artenay, in their opening brief, thus state the questions involved in this appeal: "Where the vendor under executory contract of sale of real property with the vendee brings suit against vendee to quiet title against vendee also making a party to the action a corporation that had theretofore attached the equity of vendee and the trial court found against vendee and the attaching creditor. Vendee on appeal reversed the trial court, the Appellate Court holding that vendee had performed the terms of the contract, the other party failed to appeal. The vendor pending the appeal claims to have purchased the creditor's title. Can vendor pending appeal purchase the alleged outstanding title and use it against vendee, after reversal, and keep vendee from regaining possession of said ranch and performing the contract?''

■ It is a general rule that a party, deprived of property under a judgment, reversed on appeal, is entitled to its restitution, and if restitution is not made by the appellate court he may obtain possession by motion duly made in the trial court. (2 Cal. Jur. 1062, et seq., and cases cited.) This rule is not absolute and unyielding and is subject to a well-recognized exception. In *Spring Valley Water Works* v. *Drinkhouse,* 95 Cal. 220 [30 Pac. 218], the Supreme Court, in discussing this question, said: "It is insisted that the reversal of the judgment gives appellant the absolute right to a restitution of the premises, but the wording of the statute will bear no such construction. The section is not mandatory upon the court, but the power conferred thereby is to be exercised when the circumstances of the case call for the use of a judicial discretion." (See, also, *Yndart* v. *Den,* 125 Cal. 85 [57 Pac. 761].)

Under this rule it must be determined here whether the trial court abused its discretion in refusing to restore the possession of the property to d'Artenay. In so doing we must consider the following: (1) the effect of the execution sale in the case of *F. G. Cross Hardware Co.* v. *d'Artenay* and the sheriff's deed of the property to that plaintiff; (2) the effect of the deed from the F. G. Cross Hardware Company to Nis Hansen; (3) the effect of our reversal of the judgment of plaintiffs here against Mr. and Mrs. d'Artenay, and the final judgment of Mr. and Mrs. Hansen against the F. G. Cross Hardware Company.

■ That the interest of a vendee of real property, under a conditional sales contract, is subject to levy of attachment and execution, is too well settled to need support by citation of authorities. A deed executed after a sale by the sheriff, under an execution issued upon final judgment, conveys to the purchaser all of the interest of the judgment debtor in the property sold, and as to him the judgment, execution and sheriff's deed are *prima facie* evidence of the plaintiff's title. (*Robinson* v. *Thornton,* 102 Cal. 675 [34 Pac. 120].) ■ As the regularity of the proceedings leading up to the sheriff's deed are not questioned we must conclude that the sheriff's deed to the property in question here transferred all of d'Artenay's right, title and interest to the F. G. Cross Hardware Company in so far as the question can be raised between those parties.

It is also elementary that a person, not under disability, having an interest in real property, can sell that interest to another and that a quitclaim deed will convey to the grantee all of the grantor's right, title and interest in the property. Therefore, it follows that by the quitclaim deed of June 12, 1930, Nis Hansen acquired all of the right, title and interest the F. G. Cross Hardware Company had in the real property on that date which was whatever interest it acquired under the sheriff's deed of May 2, 1930, which conveyed to it all the right, title and interest of d'Artenay. Were there no other circumstances bearing on the question, the conclusion would necessarily follow that on May 9, 1930, the F. G. Cross Hardware Company became the owner of d'Artenay's right to purchase the property and all his interest in it, and that Nis Hansen succeeded to this right on June 12, 1930, and that the title and all equities were then vested in Hansen, and d'Artenay passed completely out of the transaction.

While it is somewhat difficult for us to determine just what was in the minds of counsel for the d'Artenays from what they have written in their briefs concerning the effect of the final judgment of October 28, 1929, which quieted Mr. and Mrs. Hansen's title to the property against the F. G. Cross Hardware Company, and our reversal of the judgment against d'Artenay and his wife, we believe we can summarize the legal effect of their argument as follows: That the F. G. Cross Hardware Company became the owner of d'Artenay's interest in the property on March 29, 1929, subject to his equity of redemption; that on October 28, 1929, by the judgment in this action Mr. and Mrs. Hansen's title to the property was quieted as against the F. G. Cross Hardware Company so that it had nothing to convey to them on June 12, 1930; that by our reversal of the judgment against d'Artenay and his wife we established the law of the case to be that d'Artenay had not breached his contract with Mr. and Mrs. Hansen and that between them it was in full force and effect.

This is the first time that the judgment in favor of Mr. and Mrs. Hansen, quieting their title against the F. G. Cross Hardware Company after it purchased the property at execution sale, has been called to our attention. It was not even mentioned by counsel on the former appeals. In the

opening brief filed on behalf of Mr. and Mrs. d'Artenay on the first appeal (*Hansen* v. *d'Artenay, supra*) the question is thus stated: ''Inasmuch as under paragraph 8 of the findings, the only amount by reason of the unmatured crops to which plaintiffs would be entitled, if any amount, is $500.00, the principal question involved on this appeal, is whether J. A. d'Artenay has forfeited his equity under the contract by reason of a failure to irrigate said premises, at a time when there was no water in the canals thereon available for irrigation. In other words, was d'Artenay required to deepen the pit in the well subsisting on the premises, and install a pump thereon, when the water table in said well had been lowered from natural causes, so as to supply water sufficient for the irrigation of the entire 800 acre ranch?'' In their brief counsel for Mr. and Mrs. Hansen on that appeal thus stated those issues: ''By way of answer the defendants set forth the conditional sale contract and alleged full performance of its terms and conditions on their part. The issues involved at the trial hinged entirely upon the ultimate question of performance or nonperformance by the defendants. There were other parties defendant to the action, but they, and their interests in the subject matter of the litigation, are not necessary to be considered on this appeal. The real parties in interest, so far as this court is concerned, are the plaintiff and respondent, Nis Hansen, and the defendant and appellant, J. A. d'Artenay. The other parties, plaintiff and defendant, are named merely because they are the wives respectively of the contending parties. For convenience, therefore, we will hereafter, in this brief merely refer to the parties as appellant and respondent. While the ultimate question presented to the trial court for decision involved a finding of performance or nonperformance of the contract by appellant, this finding depended mainly upon the legal interpretation and construction to be placed upon certain provisions of the contract of sale.''

Thus, if this court was remiss on the first appeal in not giving effect to the transfer of d'Artenay's interest in the property to the F. G. Cross Hardware Company, there would seem to be some justification for its lapse because its members had no idea that such a question might be involved. Our former decision did not go beyond holding that the evidence failed to show that the d'Artenays had breached their

contract. We established no rights in them except the right to a new trial. This is clear from what we said in the case of *d'Artenay* v. *Hansen, supra:* ''The judgment was reversed by this court on appeal upon the ground that the evidence failed to show default on the part of J. A. and Octavia d'Artenay. This decision left the case in the same condition as though it had never been tried except for our conclusion on the sufficiency of the evidence introduced at the trial. We established no new rights in any of the parties but merely declared their rights as they existed when the pleadings were filed in that action. When the *remittitur* was filed it left the case at issue to be tried again on the complaint of the plaintiffs to quiet title to the property and the answer of the defendants in which they set up an interest in the property through their contracts of purchase which must have been considered by them in full force and effect under such allegations.''

We did not attempt to pass on the rights of d'Artenay and the F. G. Cross Hardware Company under the contract of purchase. We could not do so as they were not adversary parties in that action and that question was beyond any issues raised by the pleadings of the parties then before us. A question of the effect of a judgment in another case where the parties were defendants and not adversaries was considered in *Hardy* v. *Rosenthal,* 2 Cal. App. (2d) 442 [38 Pac. (2d) 412], where it was said: ''A further reason for concluding that the judgment in the Stoffel case could not estop the plaintiff from recovering in the instant case is found in the following quotation from *Victor Oil Co.* v. *Drum,* 184 Cal. 226, at page 239 [193 Pac. 243], where it was said: 'The defendants also contend that the court erred in refusing them leave to file a supplemental answer pleading a judgment against the plaintiff and Drum in an action by the Hamilton Company, wherein a number of the questions of fact involved here were, according to defendants' contention, determined adversely to the plaintiff. The only object of the supplemental answer was to set up the judgment by way of estoppel. The refusal of the court to permit this was correct, since the judgment would not have so operated. It would not so operate because it was not between the parties to this litigation. It is true that both Drum and the plaintiff were parties defendant in the action

in which the judgment was rendered, but the judgment was not between them, but between them on the one side and the plaintiff in that action on the other. A judgment may operate as an estoppel between parties to it only when they are adverse parties, so that the judgment is a determination of issues between them. (Code Civ. Proc., sec. 1910; 23 Cyc. 1237.)' "

■ As between the F. G. Cross Hardware Company and d'Artenay, the latter's interest in the property passed to the former at the time of the sheriff's sale under execution, subject to the equity of redemption which expired without redemption of the property, the sheriff's deed following. The judgment quieting title of Mr. and Mrs. Hansen against the F. G. Cross Hardware Company could by no stretch of the imagination revive or recreate any lost interest of d'Artenay in the property. While it cut off any right of the corporation to complete the contract of purchase it could create no right in d'Artenay so to do. After the sheriff's sale he only had his equity of redemption which he lost by failing to exercise it within the time allowed by law.

An examination of the case of *d'Artenay* v. *Hansen, supra,* discloses that after the reversal of the judgment in the case of *Hansen* v. *d'Artenay, supra,* Mr. and Mrs. d'Artenay served a notice upon Mr. and Mrs. Hansen demanding repayment of the portion of the purchase price paid and rescinding the contract of purchase because of the wrongful invasion by Mr. and Mrs. Hansen of their rights under the contract of purchase, which amounted to an abandonment of the contract by them and entitled Mr. and Mrs. d'Artenay to rescind and recover the purchase money paid. Mr. and Mrs. d'Artenay brought that action to recover the portions of the purchase price paid by them.

■ From what we have already said it must be evident that we regard the contention that Mr. and Mrs. Hansen were trustees for d'Artenay at the time they acquired the interest of the F. G. Cross Hardware Company without merit even though we should adopt the theory that the rules governing trusts are applicable here. d'Artenay was not the beneficiary under any trust at that time. His interest in the property, and his right to purchase it, had passed out of him as completely as though he had made a voluntary assignment or conveyance. This being true he cannot com-

plain of Mr. and Mrs. Hansen acquiring an outstanding interest in the property. The question is moot as to him. He has no rights under the contract and to order restitution of the property would be an idle act which the courts are not called upon to perform.

Order affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 15, 1936.