[Civ. No. 21645.   Second Dist., Div. Two.   Oct. 25, 1956.]

BENJAMIN N. WYATT et al., Appellants, v. CADILLAC
    MOTOR CAR DIVISION, GENERAL MOTORS COR-
    PORATION, etc., et al., Defendants; GENERAL MO-
    TORS CORPORATION (a Corporation), Respondent.

Lloyd C. Griffith for Appellants.

Lawler, Felix & Hall and J. Phillip Nevins for Respondent.

FOX, J.—The demurrer of defendant General Motors Corporation to plaintiffs' fourth amended complaint was sustained without leave to amend. Plaintiffs appeal from the judgment of dismissal.

Plaintiffs purchased a Cadillac from defendant on December 7, 1951, for $4,850.52. This action grows out of its unsatisfactory performance, which developed immediately following delivery.

Plaintiffs' first cause of action is on the theory of negligence. They allege that in the manufacture and assembly of the automobile defendant's employees, through mistake and negligence, caused a piece of brown industrial wrapping paper

to be sealed in what is known as the breather pipe, thereby internally sealing this pipe and preventing adequate motor ventilation; that as a result thereof the car did not operate "up to the standard of performance of a Cadillac" but "operated in an unsatisfactory, substandard and mechanically inefficient manner at all times since the date of sale"; that commencing with the day following the delivery of the automobile, plaintiffs began a series of returns to the service department in an effort to get it put into proper operating condition; that they thus expended $735.12 for parts and mechanical repairs; that defendant's efforts were unfruitful until April 5, 1954, when a service mechanic discovered and removed the paper from the breather pipe; that as a result of defendant's negligence and mistake in assembling the car and its failure to promptly discover the trouble, the car was completely ruined. They further allege demand that defendant put the automobile in condition to operate in accordance with established standards for Cadillac cars and that defendant refused to so repair and condition the vehicle.

For their second cause of action plaintiffs allege defendant warranted that the automobile was manufactured and assembled to perform according to established standards of Cadillac performance. This asserted warranty is not alleged to have been in writing. Plaintiffs also allege they relied upon the implied warranty of quality. They then allege the unfitness of the car by reason of the breather pipe being plugged by wrapping paper, and thus charge a breach of warranty.

For their third cause of action plaintiffs allege that after the refusal to repair and recondition the car they served a written notice of rescission of the contract of purchase and sale on defendant; offered to return the automobile, and demanded the return of the purchase price but that defendant rejected their notice of rescission. Attached to the complaint is a purported copy of this notice. It is dated in August, 1954.

It is thus apparent that plaintiffs have attempted to state a cause of action on the theory of (1) negligence in the manufacture and assembly of the automobile; (2) breach of warranty, and (3) for restoration of the purchase price.

Defendant demurred, *inter alia,* on general grounds and that each cause of action was barred by section 339, subdivision 1, Code of Civil Procedure, that is, by the two-year

statute of limitations. As previously noted, the court sustained the demurrer without leave to amend. We have concluded the ruling was correct.

## First Cause of Action

■ Defendant's manufacture and assembly of the automobile manifestly preceded plaintiffs' ownership of it or any privity of contract between them. Under such circumstances defendant's duty was confined to the exercise of reasonable care to see that the car was so manufactured and assembled as to be free from defects which might be reasonably expected to produce bodily injury or damage to other property. (*Nebelung* v. *Norman*, 14 Cal.2d 647, 654 [96 P.2d 327]; *Kalash* v. *Los Angeles Ladder Co.*, 1 Cal.2d 229 [34 P.2d 481].) The complaint alleges no breach of such duty, nor any injury or damage within the categories last mentioned. It is therefore plain that plaintiffs fail to state a cause of action on the theory of negligence on the part of the manufacturer.

## Second Cause of Action

■ In this cause of action plaintiffs appear to be relying on both an express warranty and an implied warranty under Civil Code, section 1735. In either case, of course, this cause of action is based upon an alleged breach of warranty and necessarily sounds in contract. (*L. B. Laboratories, Inc.* v. *Mitchel*, 39 Cal.2d 56, 62 [244 P.2d 385]; *Tremeroli* v. *Austin Trailer Equipment Co.*, 102 Cal.App.2d 464, 475 [227 P.2d 923].)

Plaintiffs' failure to allege whether the express warranty was oral or written entitled the trial court to presume, for the purpose of testing the complaint against defendant's demurrer, that the warranty was not founded upon an instrument in writing. (*Bates* v. *Daley's, Inc.*, 5 Cal.App.2d 95, 100 [42 P.2d 706].)

■ According to the complaint, the alleged warranty was breached immediately after delivery, since it did not "perform according to recognized and established standards" of Cadillac cars. Plaintiff were at once aware of the car's unsatisfactory performance and thus the breach of the asserted warranty for they returned it the next day to be put in proper condition. The two-year statute of limitations (Code Civ. Proc., § 339, subd. 1), then started to run. (*Crawford* v. *Duncan*, 61 Cal.App. 647, 650-651 [215 P. 573]; *Firth* v. *Richter*, 49 Cal.App. 545, 549-550 [196 P. 277].) This

action was not filed until August, 1954, approximately two years and nine months after the car was purchased and its unsatisfactory performance known to plaintiffs. The cause of action was therefor barred by the provisions of section 339, subdivision 1, Code of Civil Procedure.

## THIRD CAUSE OF ACTION

The buyer's right to return of the purchase price after breach of the seller's warranty is conditioned upon the buyer's demand therefor made upon the seller within a reasonable time after the breach. The buyer's right to recover the purchase price is based on the theory of implied assumpsit thereby constituting an obligation not founded upon an instrument in writing, regardless of whether the warranty was written or oral. (*Thomas* v. *Pacific Beach Co.*, 115 Cal. 136, 141 [46 P. 899] ; *J. A. d'Artenay* v. *Nis Hansen*, 138 Cal.App. 39, 45 [31 P.2d 460].)

What is deemed a reasonable time within which the buyer must make such demand has been uniformly held to be a period coincidental with that provided in the statute of limitations barring an action for enforcement of the demand which is the two-year period imposed by subdivision 1 of section 339, Code of Civil Procedure. (*Thomas* v. *Pacific Beach Co.*, *supra*, p. 143.)

Plaintiffs' demand not having been made until August, 1954, or approximately two and three-quarter years after their alleged right to rescind arose, any cause of action for return of the purchase money was barred. (Code Civ. Proc., § 339, subd. 1.)

From what has been said, it is clear there is no merit in plaintiffs' contention that the three-year statute of limitations (Code Civ. Proc., § 338, subd. 4) is here applicable.

In addition to plaintiffs' appeal from the judgment of dismissal, they have also attempted to appeal from the order sustaining defendant's demurrer without leave to amend to their fourth amended complaint. This order is nonappealable. The purported appeal from said order is therefore dismissed.

The judgment is affirmed.

Moore, P. J., concurred.

Mr. Justice Ashburn did not participate herein.

A petition for a rehearing was denied November 9, 1956.