**MELODY HOME MANUFACTURING COMPANY, Appellant,**

v.

**Elby E. MORRISON et ux., Appellees.**

**No. 15633.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 21, 1970.

Rehearing Denied June 18, 1970.

Second Rehearing Denied July 9, 1970.

Fulbright, Crooker, Freeman, Bates & Jaworski, Thomas P. Sartwelle, Houston, for appellant.

W. R. Malone, Huntsville, for appellees.

COLEMAN, Justice.

This is an appeal from an order overruling a plea of privilege in a products liability case.

Appellees purchased a new house trailer from Capri Mobile Home Sales, Inc., in Hidalgo County, Texas. The trailer was manufactured by Melody Home Manufacturing Company of Tarrant County, Texas. The trailer was delivered to appellees at a trailer park in Walker County, Texas. An agent of the seller put the trailer in place on blocks and connected it to the local water system. Appellees connected it to the other utilities and occupied it. Appellees had inspected the trailer before purchasing it and noticed no defects.

Soon after occupying the trailer the appellees noticed that the water delivered through the trailer's plumbing had a bad odor. Appellees' daughter became ill after drinking the water. Appellees and their daughter developed sores on various parts of their bodies after using the water for bathing. The water in the hydrant outside the trailer was good and odorless. The water in other trailers at the park had no odor and appellees have continued to use water at the trailer of a relative, located in the same trailer park, with no ill effects.

At the time of the trial the water continued to have a bad odor despite efforts to correct the condition. According to Mrs. Morrison two men from the factory blew air into the water pipes in her daughter's bathroom "and there was a whole bunch of black stuff that came out of the pipes, and it looked terrible, and before we could

catch it, it went down the drain." This substance had a "terrible" odor.

The roof of the trailer leaks, the floor has buckled in places, all of the faucets leak, and the frame is bending. Appellees had no dealings with appellant prior to the purchase of the trailer. There is no evidence that they had seen advertising materials, or brochures authorized by appellant. There is no testimony as to when the seller acquired the trailer, how long it had been in its possession, or how it was cared for by the seller prior to the purchase by appellees.

There is no evidence as to the nature of the substance polluting the water, whether vegetable, mineral, or animal. There is no evidence as to the size of water pipes, or as to whether the pipes were plugged so as to prevent the entry of rodents or insects prior to the time the water supply was connected.

Appellees contend that the trailer is worthless for the purpose for which it was purchased and seek to recover the purchase price. They also seek damages for the personal injury sustained as a result of the use of the water. They seek to sustain venue in Walker County under Exception 23 of Article 1995, Vernon's Ann.Civ.St., on the basis that a part of the cause of action arose in that county.

Section 402 A of the American Law Institute's Restatement of the Law of Torts (2d Ed.), has been adopted, and in some respects extended, by the Supreme Court of this State. McKisson v. Sales Affiliates, Inc., 416 S.W.2d 787 (Tex.1967); Darryl v. Ford Motor Company, 440 S.W.2d 630 (Tex.1969).

This Section reads

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

"(a) the seller is engaged in the business of selling such a product, and

"(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"(2) The rule stated in Subsection (1) applies although

"(a) the seller has exercised all possible care in the preparation and sale of his product, and

"(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

■ It must be inferred that at the time of the purchase of the trailer home it was "in a defective condition unreasonably dangerous to the user," because of the noxious substance in the plumbing. It cannot, however, be inferred that the trailer was defective for this reason at the time it left the hands of the manufacturer. The evidence will not support such a conclusion.

Appellees point to the leaking faucets and roof, the buckling floor, and bending frame and draw a parallel to the case of Darryl v. Ford Motor Company, supra. It is not apparent that these defects render the house trailer unreasonably dangerous to the user, or that physical harm was thereby caused to the user. There is a distinction between physical harm, or damage, to property and commercial loss.

In the better reasoned cases the courts do not extend the doctrine of strict liability in tort to cases involving commercial loss only, but instead apply the principles of the law of sales, in which case privity of contract is required. In some jurisdictions the decisions are based on express contractual warranties, or on a tort theory based on misrepresentation of material facts. United States Pipe & Foundry Co. v. City of Waco, 130 Tex. 126, 108 S.W.2d 432 (1937); See-

ly v. White Motor Company, 63 Cal.2d 9, 18, 45 Cal.Rptr. 17, 23, 403 P.2d 145 (1965); Ford Motor Company v. Lonon, 217 Tenn. 400, 398 S.W.2d 240 (1966); Suvada v. White Motor Company, 32 Ill.2d 612, 210 N.E.2d 182 (Ill.1965); Anno. 16 A.L.R.3d, pp. 683–707. Contra, Santor v. A. & M. Karagheusian, Inc., 44 N.J. 52, 207 A.2d 305, 16 A.L.R.3d 670 (1965).

In Seely v. White Motor Company, supra, opinion by Chief Justice Traynor, the court said:

"The distinction that the law has drawn between tort recovery for physical injuries and warranty recovery for economic loss is not arbitrary and does not rest on the 'luck' of one plaintiff in having an accident causing physical injury. The distinction rests, rather, on an understanding of the nature of the responsibility a manufacturer must undertake in distributing his products. He can appropriately be held liable for physical injuries caused by defects by requiring his goods to match a standard of safety defined in terms of conditions that create unreasonable risks of harm. He cannot be held for the level of performance of his products in the consumer's business unless he agrees that the product was designed to meet the consumer's demands. A consumer should not be charged at the will of the manufacturer with bearing the risk of physical injury when he buys a product on the market. He can, however, be fairly charged with the risk that the product will not match his economic expectations unless the manufacturer agrees that it will. Even in actions for negligence, a manufacturer's liability is limited to damages for physical injuries and there is no recovery for economic loss alone. (Wyatt v. Cadillac Motor Car Division, 145 Cal.App.2d 423, 426, 302 P.2d 665, disapproved on other grounds in Sabella v. Wisler, 59 Cal.2d 21, 31, 27 Cal.Rptr. 689, 377 P.2d 889; TransWorld Airlines v. Curtiss-Wright Corp., 1 Misc.2d 477, 148 N.Y.S.2d 284,

290.) The Restatement of Torts similarly limits strict liability to physical harm to person or property. (Restatement of Torts Second (Tent. Draft No. 10) § 402A.)"

Here there was no physical harm to person or property caused by the defective condition of the trailer, other than the contaminated water. The case is distinguishable from Ford Motor Company v. Grimes, 408 S.W.2d 313 (Tex.Civ.App.—Eastland 1966), on this basis. Neither is there evidence that the manufacturer furnished brochures to the dealer containing representations relied on by the purchaser as was the case in Ford Motor Company v. Lemieux Lumber Company, Inc., 418 S.W.2d 909 (Tex.Civ.App.—Beaumont 1967).

The evidence in this case will not support a cause of action based on the doctrine of strict liability in tort. The judgment of the trial court is reversed. Since the facts do not appear to have been fully developed, the case is remanded to the District Court of Walker County, Texas.

Reversed and remanded.

On Motions for Rehearing

Appellees have produced evidence that the faucets in the house trailer leaked. There is no evidence that this condition caused physical damage to the trailer. Appellees were damaged to the extent of the cost of repair. There was evidence that the roof leaked, but there is no evidence that the leaks were the result of an inherent defect, or of defective workmanship, or material. It cannot be inferred that the roof leaked at the time it left the hands of the manufacturer. There was testimony that the floor had buckled. Since this condition may well have been caused by the leaking roof, it cannot be inferred that it existed at the time the trailer was sold by the manufacturer. There is no evidence that the condition of the floor caused any physical damage to the house trailer. Similarly, the testimony

that the frame "is bending" does not establish physical harm to the trailer caused by the bending frame.

■ In the absence of evidence from which it can be inferred that defects in existence when the trailer was sold by the manufacturer caused physical harm to the trailer, as opposed to economic loss to the purchaser, the doctrine of strict liability is not applicable, and venue cannot be sustained in Walker County.

Appellee tried this case on the theory that he could recover for economic loss under the doctrine of strict liability in tort. His position is supported by cases from other jurisdictions, and the matter has not been settled in this state. It is obvious that the facts were not fully developed. We remain of the opinion that in the interest of justice the case should be remanded for a new trial.

The motions for rehearing of both appellant and of appellees are denied.