THERMAL SUPPLY OF TEXAS, INC.,
Appellant,

v.

Richard B. ASEL, Appellee.

No. 11836.

Court of Civil Appeals of Texas,
Austin.

June 2, 1971.

Rehearing Denied June 23, 1971.

Dow, Cogburn & Friedman, Edmund L. Cogburn, Houston, for appellant.

James K. Presnal, Austin, for appellee.

SHANNON, Justice.

Appellant, Thermal Supply of Texas, Inc. has appealed from a summary judgment of the County Court at Law of Travis County in favor of appellee, Richard B. Asel, for $350.00.

Appellee sued appellant and Sunny Plumbing Co., Inc. dba General Air Conditioning, hereafterwards called "General," for breach of warranty concerning the sale of a compressor for an air conditioning unit. Appellee alleged that he bought the compressor from General and General installed it on July 9, 1965 in appellee's house. Appellee paid General by a draft for $350.00 marked by appellee as follows, "Compressor for five ton central air conditioning unit with one year warranty from July 12, 1965." Appellee alleged further that on June 20, 1966 the compressor began malfunctioning, and that by June 24, the machine had totally stopped cooling. On June 27, appellee pleaded that he notified General, and requested both General and appellant to replace the compressor, but that they refused. Appellee had another compressor installed at his cost of $350.00.

The only pleading with respect to appellant's liability is as follows: "That defendant, General Air Conditioning, purchased said compressor from defendant, Thermal Supply of Texas, Inc., and that defendant, Thermal Supply of Texas, Inc. warranted said compressor for a period of one year." Prior to the hearing on the motion for summary judgment, appellee filed a motion for nonsuit as to General which was granted.

In support of his motion for summary judgment appellee filed three affidavits, one being sworn to by himself and one by his wife and the third by J. Edwin Davis, the president of General. In appellee's affidavit he stated that General had warranted the compressor in question for one

year. In his affidavit J. Edwin Davis concluded that appellant "guaranteed the above described compressor to General Air Conditioning and to the ultimate user," and identified Exhibits 1 and 2 as the cards upon which the warranty and guarantees were set out. Exhibits 1 and 2 are identical for our purposes and read as follows:

"1.                    CUSTOMER'S RECORD
                  To Be Retained by Customer

COMPRESSOR DATA
Model No. _____
B. M. No. _____                    NO. 17012
Serial No. _____
Date
Installed   6/28/65

Upon receipt of this card your compressor will be registered to obtain the protection of the warranty on defective workmanship and/or material. Effective from the date of original sale by the distributor.

OWNER'NAME ____ General Air Cond. _____
ADDRESS _____
CITY _____ STATE _____
DISTRIBUTOR'NAME ____ THERMAL SUPPLY COMPANY OF AUSTIN
ADDRESS ____ 98 RED RIVER – P. O. BOX 648 _____
CITY _____ AUSTIN _____ STATE _____ TEXAS _____

See Reverse Side for Warranty Conditions

Any compressor repaired by Warriner Hermetics, Inc. that becomes inoperative due to faulty workmanship or defects in material within (12) months from date of sale by distributor as determined by accompanying warranty card will be replaced or repaired if Warriner Hermetics, Inc. inspection reveals failure was due to defective workmanship or material. Compressors that become inoperative due to the failure of the refrigeration system, component parts, high or low voltage, failure to properly clean system before installing compressor, or external damage will not be replaced under this warranty. This warranty shall not be deemed to place any liability on Warriner Hermetics, Inc. for any labor cost in replaing or repairing compressors, parts or material during installation or removal or transportation charges. This warranty will not be effective unless enclosed Warranty Card is properly filled out and returned to Warriner Hermetics, Inc."

---

The record does not support the judgment on the basis of the existence of an express warranty. The only support in the record for appellee's contention of express warranty would be the customer's record card, exhibits 1 and 2, which were given to appellee by General. Whatever warranty contained therein is made by Warriner Hermetics, Inc., and not by appellant. And there was no pleading or proof of any connection between Warriner Hermetics, Inc. and appellant.

Although we are not convinced that implied warranty was pleaded below, both appellant and appellee have treated this appeal as one involving implied warranty, and we will discuss that problem. As one reason for reversal of the judgment, appellant states that the record does not show

privity of contract between appellant, the purchaser of the compressor and appellee, the intermediate distributor. Appellee agrees, but argues that in this character of case it is no longer necessary to show privity, citing O. M. Franklin Serum Company v. C. A. Hoover & Son, 410 S.W.2d 272 (Tex.Civ.App., 1967, err. ref. n. r. e.) per curiam 418 S.E.2d 482 (Tex.1967), and Ford Motor Company v. Lemieux Lumber Company, 418 S.W.2d 909 (Tex.Civ.App., 1967, no writ).

Section 2.318 of the Business and Commerce Code V.T.C.A., makes clear that the question of which participants in the marketing chain are liable is left for common law development. 44 Tex.Law Review 597, 601 (Article by Professor Millard H. Ruud). That Section provides:

"This chapter does not provide * * * whether the buyer or anyone entitled to take advantage of a warranty made to the buyer may sue a third party other than the immediate seller for deficiencies in the quality of the goods. These matters are left to the courts for their determination."

■ Traditionally, privity of contract was a necessary prerequisite to a suit on implied warranty. However, in the products liability cases involving harm to the user or consumer or to his property, the requirement of privity has been dispensed with. McKisson v. Sales Affiliates, Inc. 416 S.W.2d 787 (Tex.1967). See Pittsburg Coca-Cola Bottling Works v. Ponder, 443 S.W.2d 546 (Tex.1969) for a discussion of the extension of the doctrine of "strict liability" in Texas.

The Supreme Court in McKisson, supra, adopted Section 402A of the American Law Institute's Restatement of the Law of Torts (2d Ed) as the law in this State. This section reads:

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for phys-

ical harm thereby caused to the ultimate user or consumer, or to his property, if

"(a) the seller is engaged in the business of selling such a product, and

"(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"(2) The rule stated in Subsection (1) applies although

"(a) the seller has exercised all possible care in the preparation and sale of his product, and

"(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

In the case before this Court, there were no allegations or proof of a product "unreasonably dangerous to the user or consumer or to his property," nor was there allegation or proof of "physical harm * * caused to the ultimate user or consumer, or to his property." On the contrary, appellee's suit was to recover the replacement cost of a compressor which was allegedly defective and would not cool appellee's house, i. e. a suit sounding in contract for economic loss rather than in tort for injuries to person or property.

In the better reasoned cases the doctrines of strict liability in tort has not been extended to situations involving economic loss only, but instead those cases apply the principles of the law of sales, in which privity of contract is required. Melody Home Manufacturing Company v. Morrison, 455 S.W.2d 825 (Tex.Civ.App., 1970, no writ), John Deere Company of Kansas City v. Tenberg, 445 S.W.2d 40 (Tex.Civ.App., 1969, no writ), concurring opinion by Associate Justice Quentin Keith, Seely v. White Motor Co., 63 Cal.2d 9, 45 Cal.Rptr. 17, 403 P.2d 145 (1965), Price v. Gatlin, 241 Or. 315, 405 P.2d 502 (1965), 44 Tex. Law Rev. 578; contra Santor v. A & M Karazheusian, Inc., 44 N.J. 52, 207 A.2d 305 (1965).

In Seely, supra, the California Supreme Court rejected the New Jersey Court's application of strict liability in Santor, supra, in those situations where the purchaser sustains only economic loss. Chief Justice Traynor, speaking for the majority in Seely, stated that the strict liability doctrine developed to govern physical injuries, while warranty was designed to meet the needs of commercial transactions, and merely because warranty proved unsatisfactory in the physical injury area does not mean that it has failed to provide adequate remedies for the consumer who has sustained only economic loss. Justice Traynor expressed concern that without warranty limitations, the manufacturer could be subjected to liability for damages of "unknown and unlimited" scope, and stated that while the "overwhelming misfortune" which often accompanies physical injury may justify placing the burden of such risks on the manufacturer, the fact that such insurance costs are passed on to the consumer militates against further extension of the doctrine.

We hold that the doctrine of strict liability in tort is not applicable to cases involving economic loss only, as here, and that the principles of the law of sales are applicable, in which case, privity of contract is required.

O. M. Franklin Serum Company v. C. A. Hoover & Son, supra, cited by appellee, extended the doctrine of strict liability in tort to physical damage to the property of the ultimate consumer, and, as such, is not in point here. In Ford Motor Company v. Lemieux Lumber Company, supra, the plaintiff sued for a breach of express and implied warranty in connection with the failure of a truck to perform as allegedly represented. The court stated broadly that privity was no longer required in suits on express and implied warranties, citing McKisson, supra. The holding in McKisson is not so broad, and concerns only harm by a defective product to the user or consumer of the product, and that being the basis for the above generalization of Lemieux, we cannot agree with its holding.

The judgment of the trial court is reversed and judgment is here rendered for appellant.

Reversed and rendered.

### On Motion for Rehearing

We have heretofore reversed and rendered judgment for the appellant. Our former judgment is set aside. The judgment of the trial court is reversed and the cause is remanded for a trial on the merits.

Reversed and remanded.