**ELI LILLY AND COMPANY, Appellant,**

v.

**Roy CASEY, Appellee.**

**No. 4485.**

Court of Civil Appeals of Texas,
Eastland.

Oct. 22, 1971.

Rehearing Denied Nov. 5, 1971.

McMahon, Smart, Sprain, Wilson & Camp, Stephen Suttle, Abilene, Barney Oden, Jr., El Paso, for appellant.

Wagstaff, Alvis, Alvis, Cochran & Leonard, David Stubbeman, Abilene, for appellee.

McCLOUD, Chief Justice.

This is a venue case. Appellee, Roy Casey, brought suit in Haskell County against appellant, Eli Lilly and Company, an Indiana corporation with a permit to do business in Texas, alleging that he purchased a product, Treflan, which was manufactured by appellant, and that Treflan was not reasonably fit for the purpose for which it was manufactured and sold. Appellant filed its plea of privilege requesting that the case be transferred to appellant's place of domicile and residence. Appellee filed his controverting affidavit alleging the exceptions in subdivisions 23 and 27 of Article 1995, Vernon's Ann.Tex.Civ.St. The trial court overruled appellant's plea of privilege and appellant, Eli Lilly and Company, appeals. We reverse and render.

Appellee asserts a cause of action against appellant for a breach of "what in law is called an implied warranty of fitness or merchantability". The evidence shows that the product was purchased by appellee for the purpose of preventing weeds from growing in appellee's cotton. The product was not purchased from ap-

pellant. Appellant manufactures the product, Treflan, but does not and has not at any time sold Treflan to the general public. The product is sold by independent retail outlets.

Appellee testified that he purchased Treflan to control weeds and that he "found no results, actually, as far as weed control". He was asked: "What expense or what action did you take after you applied Treflan to control the weeds?" He answered: "Hoeing, replanting, rolling cultivators."

Appellant contends that appellee has neither pleaded nor proved a cause of action under the doctrine of "strict liability". Also, since economic loss only is involved, the principles of the law of sales apply and appellee cannot recover because he failed to prove privity of contract. We agree. Appellee argues that the strict liability theory is applicable and that privity is not required.

The strict liability doctrine was announced by our Supreme Court in McKisson v. Sales Affiliates, Inc., 416 S.W.2d 787 (Tex.Sup.1967). The Court adopted Section 402A of the American Law Institute's Restatement of the Law of Torts (2d Ed.) as the rule to be followed. This section reads as follows:

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

In the instant case there is no allegation or proof that the product is "unreasonably dangerous to the user or consumer or to his property", nor is there any evidence of "physical harm * * * caused to the ultimate user or consumer, or to his property". The evidence simply shows that the product was ineffective. The product was applied but the weeds continued to grow. We think the proper rule was stated in the recent case of Thermal Supply of Texas, Inc., v. Asel, 468 S.W.2d 927 (Tex.Civ. App.1971, no writ) where the Court said:

"In the better reasoned cases the doctrines of strict liability in tort has not been extended to situations involving economic loss only, but instead those cases apply the principles of the law of sales, in which privity of contract is required. Melody Home Manufacturing Company v. Morrison, 455 S.W.2d 825 (Tex.Civ. App., 1970, no writ), John Deere Company of Kansas City v. Tenberg, 445 S.W. 2d 40 (Tex.Civ.App., 1969, no writ), concurring opinion by Associate Justice Quentin Keith, Seely v. White Motor Co., 63 Cal.2d 9, 45 Cal.Rptr. 17, 403 P. 2d 145 (1965), Price v. Gatlin, 241 Or. 315, 405 P.2d 502 (1965), 44 Tex.Law Rev. 578; contra Santor v. A & M Karagheusian, Inc., 44 N.J. 52, 207 A.2d 305 (1965).

In Seely, supra, the California Supreme Court rejected the New Jersey Court's application of strict liability in Santor, supra, in those situations where the purchaser sustains only economic loss. Chief Justice Traynor, speaking for the majority in Seely, stated that the strict liability doctrine developed to govern physical injuries, while warranty was designed to meet the needs of commercial

transactions, and merely because warranty proved unsatisfactory in the physical injury area does not mean that it has failed to provide adequate remedies for the consumer who has sustained only economic loss. Justice Traynor expressed concern that without warranty limitations, the manufacturer could be subjected to liability for damages of 'unknown and unlimited' scope, and stated that while the 'overwhelming misfortune' which often accompanies physical injury may justify placing the burden of such risks on the manufacturer, the fact that such insurance costs are passed on to the consumer militates against further extension of the doctrine."

While discussing the distinction between tort recovery for physical injuries and warranty recovery for economic loss, Dean Page Keeton, in Southwestern Law Journal, Vol. 25, No. 1, page 1, Annual Survey of Texas Law (1971) stated:

"*Intangible Commercial Losses.* While some courts have apparently applied strict tort liability concepts to claims for intangible commercial losses resulting from alleged defects and conditions that prevent products from being as effective as contemplated, the better view, it seems, is to regard all such claims as coming within the purview of the Uniform Commercial Code, as passed by the Texas legislature. Jurisprudentially, it is difficult to understand how the Code can be ignored in dealing with such claims. Those who drafted the Code doubtless contemplated that the obligations imposed by law for commercial losses, without respect to fault, were exclusively contained in the Code. Therefore, if additional obligations are to be imposed, it should be done by the legislature. At common law the terms of the contract, and not tort law, controlled the nature of the obligations between seller, buyer, and third parties for these business losses and others arising from the fact that a product simply would not do what it was supposed to do. The question of whether or not a risk of loss for physical harm should be allocated to the seller rather than the buyer is an utterly different problem."

It is stated in Section 2.318 of the Business and Commerce Code, V.T.C.A., that the Code is neutral on the need for privity of contract. Traditionally, privity of contract has been an essential element in an action based upon contract warranty, either expressed or implied. We see no reason for changing this requirement.

We hold that appellee has neither pleaded nor proved a "strict liability" cause of action. The proof shows economic loss only. We are of the opinion that the principles of the law of sales apply and that privity of contract is essential.

The judgment is reversed and the cause is transferred to the District Court of Dallas County.