**LILLY DISTRIBUTING COMPANY OF SAN ANTONIO, Appellant,**

v.

**ASSOCIATED MILK PRODUCERS, INC., et al., Appellees.**

No. 6620.

Court of Civil Appeals of Texas, El Paso.

May 25, 1977.

Law Office of Kermit W. Fox, Jr., Kermit W. Fox, Jr., San Antonio, for appellant.

House, Mercer, House, Brock & Wilson, David B. Person, Frank D. Masters, San Antonio, for appellees.

## OPINION

OSBORN, Justice.

This is a venue case. The trial Court sustained the plea of privilege of the Defendant, Hugh Preston, d/b/a Preston Dairy Products. We affirm.

Lilly Distributing Company of San Antonio (Lilly) filed suit against Associated Milk Producers, Incorporated (AMPI) and Preston Dairy Products (Preston) to recover damages resulting from its loss of a contract to furnish milk to the Alamo-Pharr-San Juan School District. It was alleged that Lilly contracted with the Defendants for a supply of processed and packaged milk to be delivered to Lilly for its distribution to school district customers. It was further alleged that milk was delivered which contained an abnormally high bacteria content, making it unfit for its intended purposes. Lilly asserted that in November, 1974, the school board cancelled the contract for the school year and has refused to renew the contract in subsequent years. Lilly seeks to recover damages for its economic loss resulting from the cancellation of its contract.

Arthur S. Davis, Jr., a vice president of Lilly, was the only witness to testify at the venue hearing. He said his company had an oral agreement with Preston for delivery of packaged milk, mostly half pints of homogenized milk, to Harlingen, Texas, at a guaranteed sale price. He admitted that Lilly had no contract with AMPI. He said he had seen a letter which AMPI wrote to Preston acknowledging that it had shipped a bad supply of milk to Preston, who in

turn supplied Lilly. The letter is not in evidence. Davis said that the milk supplied in the fall of 1974 was a bad product, was sour, and had a high bacteria content. He acknowledged that he did not check the milk himself and the opinion as to its suitability for human consumption was based entirely on hearsay. He said orders for milk were placed with Preston's office in San Antonio, and when the school district paid Lilly, it endorsed the checks to Preston as payment on its account and received a check back from Preston which was the amount of Lilly's profit on sales to the school district.

The Appellant asserted in its controverting plea, and now asserts by points of error in this Court, that venue was properly established in Bexar County under Subdivisions 27 and 29a of Article 1995, Tex.Rev. Civ.Stat.Ann.[1] It also now asserts the applicability of Subdivision 31.

Clearly, Subdivision 27 alone has no application as to Preston. Plaintiff's original petition alleged that Preston Dairy Products was a sole proprietorship owned by Hugh Preston whose address was alleged to be in Wichita County, Texas. This pleading was incorporated into the controverting plea and asserted under oath to be true and correct.

■ Appellant contends that venue is properly maintainable in Bexar County under Subdivision 27 as to AMPI and that under Subdivision 29a, venue is proper as to Preston, a necessary party-defendant in the suit against AMPI. We conclude otherwise. Mr. Davis readily admitted that Lilly had no contract with AMPI. In order to recover from that Defendant for economic loss, under the doctrine of strict liability, privity of contract was necessary. *Henderson v. Ford Motor Company,* 547 S.W.2d 663 (Tex. Civ.App.—Amarillo 1977, no writ); *Eli Lilly and Company v. Casey,* 472 S.W.2d 598 (Tex.Civ.App.—Eastland 1971, writ dism'd); *Thermal Supply of Texas, Inc. v. Asel,* 468 S.W.2d 927 (Tex.Civ.App.—Austin 1971, no writ). Contra, *Nobility Homes of Texas, Inc. v. Shivers,* 539 S.W.2d 190 (Tex.Civ. App.—Beaumont 1976, writ granted).

■ There is yet another reason why Appellant cannot prevail under Subdivision 29a. To sustain venue under that exception, a plaintiff must offer proof, independent of any pleadings, which establishes that a defendant as to whom venue is sought to be maintained under Subdivision 29a is a necessary party in the suit with the defendant as to which venue is maintained under some other Subdivision of Article 1995. *Ladner v. Reliance Corporation,* 156 Tex. 158, 293 S.W.2d 758 (1956). Without proof of joint responsibility, the Plaintiff has failed to meet its burden of proof under Subdivision 29a. *Loop Cold Storage Company v. South Texas Packers, Inc.,* 491 S.W.2d 106 (Tex.1973); *Vahlsing, Inc. v. Esco, Ltd.,* 496 S.W.2d 652 (Tex.Civ.App.— Corpus Christi 1973, writ dism'd). The trial Court properly recognized that there was no proof to establish such element of Plaintiff's case. Thus, we conclude that the trial Court properly sustained the plea of privilege, regardless of what decision the Supreme Court may ultimately reach on the issue of privity in the *Shivers* case.

■ Finally, the Appellant contends venue was established under Subdivision 31. This relatively new exception provides for venue in suits for breach of warranty by a manufacturer of consumer goods in the county where the cause of action or a part thereof arose, or where the manufacturer has an agency or representative, or where its principal office is situated, or where the plaintiff resides. Although the controverting plea did not expressly refer to Subdivision 31, it did incorporate the Plaintiff's original petition by reference. That pleading alleges that the milk which was delivered was "unfit for its intended purposes," thereby alleging breach of an implied warranty. But, there was neither pleading nor proof that Preston was a manufacturer. If, in fact, the milk did originally come from AMPI, that Defendant may have been the manufacturer, but certainly the record does not establish that in this case. At best, it

---

1. All Subdivision references are to Article 1995, Tex.Rev.Civ.Stat.Ann.

only indicates that Preston was a supplier or wholesaler of milk it received from another source. The trial judge was correct in noting that there was no proof that Preston was a manufacturer. Thus, Subdivision 31 was not applicable. *White Stores, Inc. v. Fielding*, 533 S.W.2d 431 (Tex.Civ. App.—Corpus Christi 1976, no writ).

We have considered all of Appellant's points of error and they are all overruled. The judgment of the trial Court is affirmed.