# AMERICAN FIDELITY & CASUALTY CO.
## et al. v. WINDHAM.
### No. 2807.

Court of Civil Appeals of Texas. El Paso.
April 6, 1933.

Rehearing Denied April 27, 1933.

John H. Awtry, of Dallas, and B. A. Carter and Collins, Jackson & Snodgrass, all of San Angelo, for appellants.

B. F. Howell, of Rankin, and Kerr & Gayer, of San Angelo, for appellee.

WALTHALL, Justice.

Appellants prosecute this appeal from an order of the district court of Upton county overruling their separate pleas of privilege to be sued in the county of their residence.

Appellee, O. D. Windham, as next friend of his minor daughter, Noreen Windham, sued the American Fidelity & Casualty Company, the Oil Field Bus Lines, A. L. Mahaffay, and P. R. Veal in the district court of Upton county for damages for personal injuries to said minor.

The appellee dismissed his suit as to the Oil Field Bus Lines and P. R. Veal, and we will briefly state the matters at issue as between appellants and appellee.

Appellee's petition represents that he resides in Upton county; that the American Fidelity & Casualty Company is a foreign insurance corporation, duly incorporated, etc., and doing business in this state, "having as its agent and upon whom process may be served herein, B. A. Carter, who resides in Tom Green County, Texas"; that A. L. Mahaffay resides in Tom Green county, Tex., operating and doing business under the name of Oil Field Bus Lines; that on July 12, 1931, Oil Field Bus Lines and Mahaffay and each of them, motor carriers running and operating automobile busses on the public

highways in Texas for hire, having obtained certificate of public convenience and necessity from the railroad commission of Texas, did, prior to said time, file with the railroad commission a bond and insurance policy, viz., American Fidelity & Casualty Company, as obligor, providing that said obligor would pay all judgments which might be recovered against the motor carrier based on claims for loss or damage from personal injuries, and loss of and injury to property occurring during the term of such bond and policy, and arising out of the actual operation of such busses; that on the date aforesaid such policy and bond were in force, and said motor carriers were then and there operating such motorbus under said certificate of necessity and convenience; whereby said insurance defendant became obligated to pay plaintiff the stated amount of her damages.

Appellee then, at length, in effect, states that on July 12, 1931, on a public street in the city of Rankin, in Upton county, a collision occurred between a motorbus then being operated under said certificate of necessity and convenience and permit, and a Ford coupé automobile driven by Mrs. Borger, in which collision the injury complained of to the minor child occurred. The petition states in detail the manner of driving and handling the motorbus at the time of the collision with the Ford coupé, and the circumstances attending, to which appellee assigns negligence.

Appellants Mahaffay and American Fidelity & Casualty Company each filed a separate verified plea of privilege. Each plea is in the usual form of such pleas and to which, as to form, no objection is made. Mahaffay states that at no time was he a resident of Upton county, but that at all such times he resided and still resides in Tom Green county, and that no exception to exclusive venue in the county of his residence provided by law exists in this cause as to him. Mahaffay in his said plea denied that the Oil Field Bus Lines was a corporation or had its office or principal place of business at McCamey in Upton county, and at San Angelo in Tom Green county, and that such allegations were fraudulently made to sustain venue in Upton county; that he (Mahaffay) is not and never was local agent for any such corporation. Mahaffay's said plea states that appellee's allegations purporting to state a cause of action against the American Fidelity & Casualty Company are fraudulently made for the purpose of conferring and sustaining venue in this cause in Upton county; that appellee well knew that no cause of action existed against said company; that said petition does not allege a cause of action against said company; and that said company is not a necessary or proper party to said suit under the allegations of said petition, and that said company is fraudulently joined herein to sustain venue

in Upton county. Appellant Mahaffay prays that his plea be sustained and this cause be transferred to Tom Green county.

The American Fidelity & Casualty Company's verified plea is formal and sufficient in form as a plea; states that at no time was it a resident of Upton county; that at all times it was a foreign corporation under the laws of the state of Virginia "with its principal office and place of business in such state and with B. A. Carter of San Angelo, Texas, as its local agent in Tom Green County, Texas, said County being the nearest County in the State of Texas in which said defendant has a local agent to the said Upton County, Texas, the County in which this suit is filed, and that no exception to exclusive venue in the County of one's residence provided by law exists in said cause."

Appellee filed a controverting affidavit to the pleas of privilege. The affidavit is lengthy and we need not state its verbiage. Omitting all reference to the Oil Field Bus Lines and P. R. Veal (dismissed), the affidavit claims venue as to the American Fidelity & Casualty Company under subdivisions Nos. 3 and 4 of article 1995 of our statute. Also that the suit is based upon a trespass by reason of the collision of the automobile bus with the Ford coupé, committed by appellants against plaintiff in Upton county, venue is conferred upon appellants by subdivision 9 of article 1995, a special exception to the general rule of venue.

Also venue is claimed under the facts under subdivisions Nos. 23, 27, 28, and 29a of said statute, the last-named subdivision being an amendment to article 1995 by the 40th Legislature (1st called Sess.) c. 72, § 2 (Vernon's Ann. Civ. St. art. 1995, § 29a).

The court heard evidence on the pleas and overruled each of them, from which action appellants prosecute this appeal.

### Opinion.

Without quoting the evidence, the following uncontroverted facts are shown and which seem to be pertinent to the questions presented:

Appellee and the injured infant, Noreen Windham, for whom the suit is brought, reside in Upton county where the accident in which the injury to the infant and loss occurred.

The American Fidelity & Casualty Company is a private foreign corporation authorized to do business in this state, and which corporation, prior to the injury to the infant, Noreen Windham, had issued a policy of insurance against loss imposed by law, arising or resulting from claims for damages for bodily injury by reason of the ownership, maintenance, or use of certain motor vehicles enumerated, and which policy as to this controversy included the motorbus involved in

this controversy, and embraces the bodily injury, damages, and loss to the infant, Noreen Windham.

The appellants' policy of insurance offered in evidence, and upon which this suit against appellant is based, is lengthy, contains many qualifications, limitations, and exceptions, and we state of its provisions only enough to make applicable to appellants the issue of venue, and in doing so we assume, without so holding, that the appellant casualty company was a necessary or proper party to the suit.

Appellant A. L. Mahaffay, at the time of the circumstances involved here, was the owner and through his employees, in the name of the Oil Field Bus Lines, was operating the motorbus which collided with the Ford coupé in the accident in which the infant Noreen was injured, and which collision occurred on a public street in Rankin in Upton county.

We think the plea is sufficient in its statement and the evidence sufficient to designate and show that the American Fidelity & Casualty Company, at all the times involved in this suit, had its offices and place of business and its local agent, not in Upton county, but in Tom Green county.

Appellee's petition alleges, and the evidence shows, that Mahaffay resided in Tom Green county.

If the venue of the suit is maintainable in Upton county, we think it must be under some one or more of the exceptions to the general venue statute, providing that no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile.

▪ There is nothing in the evidence that suggests the application of subdivision No. 3 of the venue statute, as suggested in the contesting affidavit, that is, that either of the appellants is a nonresident, or that the residence of either is unknown. While the appellant corporation is foreign in its organization, it was authorized to do business in this state, and in venue parlance is considered a resident of this state.

Whatever reference is made in the pleading or evidence to the "Oil Field Bus Lines," if a party to the suit at all, it was dismissed from the suit. The "Oil Field Bus Lines" seems to have been used by Mahaffay as a name under which he operated his bus lines.

▪ Appellee made his original petition a part of his contesting affidavit, and referred to the offense and trespass therein alleged as conferring venue in Upton county under subdivision No. 9 of the venue statute. That subdivision provides that "a suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

The crime, offense, or trespass referred to is the excessive rate of speed at which the motorbus was being driven on one of the public streets in Rankin at the time of the accident. The court made no finding of fact, but the evidence would justify a finding that at the time of the accident the motorbus was being operated at a rate of speed of more than thirty miles an hour and probably otherwise negligently operated. The trespass as used in the subdivision quoted has been construed as embracing "some wrongful act committed, and not merely a tort resulting from the negligent omission to perform a duty"; that is, an active negligence, as distinguished from a passive negligence, must be shown to constitute the trespass. Wettermark v. Campbell, 93 Tex. 517, 56 S. W. 331; Hill v. Kimball, 76 Tex. 210, 13 S. W. 59, 7 L. R. A. 618; Winslow v. Gentry (Tex. Civ. App.) 154 S. W. 260. Under the above rule it has been held that suit may be brought in the county where the injury occurred against whoever negligently drives an automobile whereby another is run over and injured. Campbell et al. v. Wylie et al. (Tex. Civ. App.) 212 S. W. 980 (writ refused); Pounds et al. v. Marler et al. (Tex. Civ. App.) 50 S.W.(2d) 382.

▪ We think the record shows no error in overruling Mahaffay's plea of privilege.

▪ Appellee, by several counter propositions, submits, in effect, that the suit is maintainable against American Fidelity & Casualty Company because the company is a foreign insurance corporation, is an accident insurance company, and the suit is on its policy and in the county where the loss occurred. As suggested, appellant corporation is foreign in its organization, the suit is against the corporation on its insurance policy, and in the county where the cause of action occurred.

The first question presented in discussing the casualty company's plea seems to be: Where the pleading and the evidence is sufficient, under subdivision 9 of article 1995, to fix the venue as to Mahaffay, the beneficiary, in Upton county, does it follow that the venue as to the casualty company also properly lies in Upton county under subdivision 27?

Without discussing the provisions of the policy, the pleading thereon, nor whether appellant casualty company is a proper or necessary party to the suit, the question is not raised by the casualty company in its plea, and its answer to the suit is not before us. We assume, for the purpose of the plea, that the company is properly in the suit with its beneficiary. Subdivision 27 provides that foreign corporations doing business in this state may be sued in any county where the cause of action or any part thereof accrued.

The cause of action, as we view it, occurred by reason of the offense and trespass, and such having been shown and the trespass having occurred in Upton county, we see no reason why the venue of the suit would not lie in that county under the subdivision quoted. The active, wrongful trespass, negligently committed, not a mere tort, is the basic fact, the whole foundation of the action. As we view it such trespass, not only was the basis of the action, but the place where it accrued fixed the venue of the suit as to foreign corporations, by reason of the statute. As applied to a cause of action and used in the past tense, as in the statute, "accrued" means commenced, due, and payable. 1 C. J. pp. 732 and 733. The application we made of it is that the trespass having been shown and it having accrued in Upton county, the appellant being a foreign corporation the venue would be in that county.

Now, such may not be the rule as to other obligors, sureties, or policies of companies not foreign corporations, or foreign organizations enumerated in subdivision 27.

■ We are not unmindful of the fact that the suit against the appellant corporation is on its policy contract; but we are not in this proceeding trying the suit, but are trying to determine the proper county in which the suit may properly be tried, and, as we understand it, we are not concerned in this proceeding whether the appellant is properly joined as a party in the suit. The issue as to parties arises on the trial. Whether properly or improperly in the suit, appellant is a party thereto.

We think the court properly decided the issue of venue.

The case is affirmed.

HIGGINS, Justice.

I concur in the result.