**PEPSI–COLA COMPANY, Appellant,**

v.

**Judy SPANGLER and Robert Spangler, Appellees.**

**No. 7728.**

Court of Civil Appeals of Texas.

Texarkana.

March 8, 1966.

Rehearing Denied April 12, 1966.

William L. Peek, Jr., Wheeler, Watkins, Hubbard & Patton, Victor Hlavinka, Atchley, Russell, Hutchinson & Waldrop, Texarkana, for appellant.

Harkness & Friedman, Texarkana, for appellees.

CHADICK, Chief Justice.

This is a venue case. The trial court denied a plea of privilege and such order is reversed and the case remanded.

Together with her husband, Judy Spangler filed suit in a District Court of Bowie County, Texas, against the Great Atlantic & Pacific Tea Company and The Pepsi-Cola Company, alleging both were foreign corporations with permits to do business in the State of Texas. A common law negligence action to secure damages for personal injuries was plead. The implication of the trial court order is that venue of the suit in Bowie County is authorized by Subdivisions 3, 23, and 29a of Art. 1995, Vernon's Ann.Tex.Civ.St.

Mrs. Judy Spangler, as a business invitee, was shopping in the Great Atlantic & Pacific Tea Company's store in Philadelphia, Pennsylvania, on July 28, 1963; she selected and lifted a carton of bottled soft drinks labeled Pepsi-Cola from a display rack. One or more bottles in the carton exploded as she moved the carton, and the glass therefrom injured her to some extent. The testimony admitted in support of Bowie County venue was that Mr. and Mrs. Spangler were residents of Bowie County on July 18, 1963, and that on such date and at the time of trial there was a Pepsi-Cola plant in Bowie County.

■ The Pepsi-Cola Company, a Delaware corporation with a permit to do business in Texas, for venue purposes is resident in Dallas County where it maintains an office and by the general venue provision of Art. 1995 is entitled to claim the privilege of being sued in Dallas County unless suit elsewhere is authorized by an exception to the general rule of venue. Pittsburg Water Heater Co. of Texas v. Sullivan, 115 Tex. 417, 282 S.W. 576; Taylor v. Wilson, 99 Tex. 651, 93 S.W. 109; Oakland Motor Car Co. v. Jones (Tex.Civ. App.) 29 S.W.2d 861 (mandamus denied, Jones v. Hickman (Tex.Com.App.) 121 Tex. 405, 48 S.W.2d 982); American Fidelity & Casualty Co. v. Windham (Tex.Civ. App.) 59 S.W.2d 259, no writ. The general venue privilege of being sued in Dallas County yields in this instance to the special venue provisions of Subd. 23, Art. 1995, if the evidence herein establishes a factual environment in which Subd. 23 functions. The evidence will be examined and previous decisions studied to determine the effect of Subdivision 23 in this case.

■ Testimony that a Pepsi-Cola plant was located in Bowie County July 18, 1963, and at the time of trial might be construed as proof that The Pepsi-Cola Company had one or more employees at its plant in the county on July 18, 1963, and thereafter. The duties of the employees, if any, are not inferable from this meager testimony. An employee or servant is not necessarily an agent or representative, as these latter terms are used in Subd. 23. This distinction is made in Milligan v. Southern Express, Inc., 151 Tex. 315, 250 S.W.2d 194, and Brazos River Trans. Elec. Cooperative, Inc. v. Vilbig (Tex.Civ.App.) 244 S.W.2d 266, Writ Ref., N.R.E. See also 1 McDonald's Texas Civil Practice, Sec. 4.30.3. A subdivision 23 agent or representative is shown by proof of " * * * a situation in which the business of the defendant is, in more or less regular and permanent form, actually conducted in the county of suit, or one in which a party possessing broad powers from the defendant resides in the county, the one instance being that of 'agency' and the other of 'representative' ". There is no evidence of any person or entity thus qualified connected with The Pepsi-Cola Company's business or residing in Bowie County on July 18, 1963, or at any other pertinent time.

■ Venue for trial of the suit in Bowie County against Great Atlantic & Pacific Tea Company is not questioned. On the basis that The Pepsi-Cola Company is a necessary party to appellees' suit against the Great Atlantic & Pacific Tea Company it is argued that venue of the case is Bowie County by the terms of Subd. 29a, Art. 1995. The pleadings base the action upon joint and separate tortious acts or omissions of the two defendants. Against Great Atlantic & Pacific Tea Company specifically, the negligence alleged as proximately causing the plaintiff's injury is "placing said bottles of beverage in the hot sunshine making them prone to explode when moved by a person shopping in said store". An alternative plea first mentions The Pepsi-Cola Company's negligence when it charges that "this accident is one which would not have happened except for the negligence of some person or persons in the employ of Pepsi-Cola Company and the foreknowledge of the reason for explosion is within the knowledge or was within the knowledge of said *defendants* and the plaintiffs plead res ipsa loquiter". (Emphasis added.)

The Pepsi-Cola Company is a necessary party in this suit as that term is used in Subd. 29a, Art. 1995, "if the complete relief to which plaintiff is entitled under the facts of the case as against the defendant properly suable in that county can be obtained only in a suit to which both defendants are parties". Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774. See Venue, 1 McDonald's Texas Civil Practice, 545 Sec. 4.35 (II). Neither the pleading nor the proof evinces a bar to the Spanglers securing all relief that they seek from Great Atlantic & Pacific Tea Company in the absense of The Pepsi-Cola Company as a party.

The appellees' brief is silent on Subd. 3, Art. 1995, and apparently abandons the subdivision's venue provisions as support for the trial court order. An evaluation of the statement of facts warrants a conclusion that the venue facts of the case have not been fully developed. In compliance with Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458, the case is remanded to the trial court.