**O. M. FRANKLIN SERUM COMPANY,**
**Appellant,**

**v.**

**C. A. HOOVER & SON et al., Appellees.**

**No. 7662.**

Court of Civil Appeals of Texas.

Amarillo.

Dec. 5, 1966.

Rehearing Denied Jan. 3, 1967.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for appellant.

Lemon, Close & Atkinson, Perryton, for appellees.

DENTON, Chief Justice.

This is a venue case. C. A. Hoover and his son, Dale were partners in a ranching operation in Ochiltree County. On October 14, 1964 Dale Hoover injected 25 registered bulls with a serum commonly referred to as "Franklin Pen-Strep" which was distributed by O. M. Franklin Serum Company, appellant. Almost immediately after Hoover had completed injecting the last calf, all 25 were reacting violently. Nine calves died shortly thereafter; two died within a few days and the remaining fourteen were adversely affected and recovered slowly. A Veterinarian who was called within a few minutes treated the animals without much success. Plaintiffs alleged the serum was not fit for its intended use and that this unfitness was the proximate cause of the death and injuries to the calves. No acts of negligence were alleged. Recovery is sought only on the theory of breach of warranty. Appellants' plea of privilege was overruled.

■ By controverting affidavit, appellee sought to maintain venue in Ochiltree County under Subdivisions 3, 23 and 27 of Article 1995, Vernon's Ann.Tex.Civ.St. Appellants' first two points of error contend

venue cannot be maintained under the provisions of Subdivision 3. Appellees' brief makes no reply to these points. The defendant was a foreign corporation with a permit to do business in Texas, and for venue purposes is a resident of either Potter County, where it maintains a laboratory or in Travis County where it maintains an agent for service. There is no evidence appellant was a nonresident under Subdivision 3. The defendant corporation, authorized to do business in Texas, is considered a resident of the State insofar as venue is concerned. American Fidelity & Casualty Co. v. Windham (Tex.Civ.App.) 59 S.W.2d 259; Pepsi-Cola Co. v. Spangler (Tex.Civ. App.) 401 S.W.2d 923. Subdivision 3 of the venue statute is not available to appellee as an exception to the general venue privilege of the defendant.

■ Appellant further contends the trial court erred in overruling its plea under Subdivision 23 or 27 because of the failure of appellee to sustain its burden to prove either appellant had an agency or representative in Ochiltree County, or that a cause of action or a part thereof arose in that county. It is settled the law imposes the burden upon appellee to prove one of these elements. Amarillo Coca-Cola Bottling Co. v. Price (Tex.Civ.App.) 378 S.W. 2d 409 and cases cited. First it will be determined whether or not the burden has been sustained relative to proof of the cause of action. Appellees' cause of action is founded entirely on a claim of breach of warranty; that is, the allegation the product was not fit for its intended use. The question is therefore presented whether or not appellant, the distributor of the serum, is bound by an implied warranty respecting its fitness. This raises the question of whether privity is a prerequisite to recovery on the basis of breach of implied warranty of medicine or drugs for the intended use by animals. There are no Texas cases directly in point.

■ In Burrus Feed Mills, Inc. v. Reeder (Tex.Civ.App.) 391 S.W.2d 121 this court

applied the doctrine of implied warranty in the absence of privity announced in Decker & Sons, Inc., v. Capps, 139 Tex. 609, 164 S.W.2d 828, 142 A.L.R. 1479 to food sold for consumption by animals and labeled for such purpose. The reasoning in that case was supported by an earlier Texas case involving animal food. International Milling Co. v. Jernigan (Tex.Civ.App) 191 S.W.2d 526. In Cudmore v. Richardson-Merrell, Inc. (Tex.Civ.App.) 398 S.W.2d 640 (Ref. N.R.E.), the court extended the rule of the *Decker* case to cases involving drugs intended for human consumption. However the court limited the application of the rule under the particular facts of that case. There the plaintiff belonged to a class of people who were allergic to the drug taken. Under those circumstances the court applied the rule of implied warranty despite lack of privity "only when such results or some similar results ought reasonably to have been foreseen by a person of ordinary care in an appreciable number of persons in the light of the attending circumstances." We see no logical reason why the doctrine of implied warranty in the absence of privity should not be extended to manufacturers or distributors of drugs intended for use by animals. We think the same grounds of public policy would be applicable. We hold such doctrine is applicable under the facts and circumstances of this case. It is therefore unnecessary to determine whether or not appellant had an agent or representative in Ochiltree County. However, in our opinion no such agency or representative was established. The plaintiff purchased the serum from a drug store in Ochiltree County. It was simply a retail outlet for appellant's products. This does not constitute an agency or representative under the venue statutes.

■ Appellant further contends the directions found upon the label were disregarded. The only wording appellant cites in this regard are the words "For Veterinary Use Only". Appellant interprets this to mean "For Veterinarian's Use Only". "Veterinary" and "veterinarian" are not synonymous. Webster's International Dictionary defines "veterinary" as "pertaining to beasts of burden and draft". Dale Hoover was a college graduate with a Bachelor's degree in Animal Husbandry and a Master of Science degree in Animal Industry. He had vaccinated hundreds of calves before, and had used this same type serum many times prior to the occasion in question. There are no pleadings or evidence he improperly applied the serum. Appellant's contention is without merit.

■ Appellant also contends there is no evidence with respect to the cause of death or sickness of the calves. Any element, including a proximate cause, of a cause of action may be established by circumstantial evidence. Bock v. Fellman Dry Goods Co. (Tex.Com.App.) 212 S.W. 635; Renshaw v. Countess (Tex.Civ.App.) 289 S.W.2d 621; Grossman v. Tiner (Tex.Civ.App.) 347 S.W.2d 627, (Ref. N.R.E.). At approximately 10:00 a. m. on October 14, 1964 Dale Hoover injected 25 of 28 registered bulls in one pen with "Franklin Pen-Strep". This took approximately thirty minutes. By the time he had finished injecting the 25 calves he "observed several head of the calves down and several additional calves were breathing heavily, abnormal in their movements, frothing at the mouth, various symptoms to indicate that they were reacting violently to something." He further testified "every calf that had been injected with pen-strep reacted violently." The other three calves which were injected with another drug had no reaction. A Veterinarian was called immediately and he arrived within ten minutes of the call. By the time he arrived five or six calves were dead and the remaining three or four, making a total of nine, died "very shortly". Two others died "shortly after, within a few days". All calves injected with the drug received a violent reaction within a matter of minutes; the others which received an injection of another type serum were not affected. If from all the circumstances and evidence it may reasonably be concluded that the death and illness of the calves resulted

from the use of the serum, appellees have discharged their burden. It is a matter of probabilities in the light of all the evidence. We are of the opinion there was evidence to support the trial court's implied findings that appellee did prove a cause of action for venue purposes, and that a part thereof arose in Ochiltree County. We conclude that the suit was maintainable in Ochiltree County under Subdivisions 23 and 27 of Article 1995.

The judgment of the trial court is affirmed.