**J. I. CASE COMPANY, Appellant,**

v.

**E. R. DARCY, Appellee.**

No. 7775.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 22, 1968.

Rehearing Denied Feb. 19, 1968.

Monning & Monning and Robert R. Bradshaw, Amarillo, for appellant.

Witherspoon, Aikin, Thomas & Langley, and Thomas W. Kendrick, Hereford, for appellee.

NORTHCUTT, Justice.

This is a venue case. On October 21, 1964, Tucker Equipment Company of Clovis, New Mexico sold to E. R. Darcy of Moore County, Texas two Case tractors and as a part of the purchase price E. R. Darcy executed and delivered his promissory note in the sum of $5,591.55 payable to Tucker Equipment Company of Clovis, New Mexico. To secure the payment of said note Darcy executed a chattel mortgage upon the two tractors here involved. The note and mortgage were transferred by Tucker Equipment Company to Commercial Credit Equipment Corporation. After Darcy defaulted in the payment of the note, Commercial brought this suit against Darcy to recover the sum due under the terms of the note and to foreclose the lien upon the two tractors.

Darcy filed his answer therein and filed a cross action against Tucker Equipment Company and J. I. Case Company contending the tractors would not perform as represented and sought judgment against Tucker Equipment Company and J. I. Case Company in the sum of $2,798.00, being the sum allegedly paid them in the original sale agreement. In the original sale of the two tractors the $2,798.00 was shown to be a Case swather taken in trade by Tucker Equipment Company for that sum. Commercial and Darcy settled their suit and released each other from all claims and the tractors were returned to Darcy.

J. I. Case Company filed its plea of privilege to have the case transferred to Dallas County, Texas, the place of its residence. Darcy filed his controverting plea contending that Case should be held in Moore County, Texas under Sections 3, 27, and 29a of Article 1995. The trial court overruled the plea of privilege. From that order J. I. Case duly excepted and perfected this appeal.

■ There are no findings of facts or conclusions of law filed herein and we do not know under which exception the court based its opinion. However, since the appellee only briefed the case here on exception 27, we presume that is the sole point relied upon. We will consider each exception as pleaded by appellee. There is nothing in this record to indicate that appellant is a non-resident or its residence is unknown. It is undisputed that appellant was a foreign corporation with authority to do business in this state and in venue cases it is considered a resident of this state. O. M. Franklin Serum Co. v. C. A. Hoover & Son, Tex.Civ.App., 410 S.W.2d 272 (n. r.

e.); Pepsi-Cola Co. v. Spangler, Tex.Civ. App., 401 S.W.2d 923; American Fidelity & Casualty Co. v. Windham, Tex.Civ.App., 59 S.W.2d 259. Section 3 of Art. 1995 does not apply herein.

A necessary party to a suit as used in Section 29a of Art. 1995 is one whose joinder is necessary to afford the plaintiff the full relief to which he is entitled in the suit which can thus be maintained in the county. Herein, appellee could recover full relief that he could show himself entitled to against Tucker Equipment Company and this appellant was not a necessary party under Section 29a. It is stated in Lewis Boggus Motors, Inc. v. Hill, Tex.Civ.App., 340 S.W.2d 957 (writ dism'd) as follows:

"[1,2] A 'necessary party' to a suit, as used in Subdivision 29a, is one whose joinder is necessary to afford the plaintiff the full relief to which he is entitled in the suit which can thus be maintained in that county. Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758. In the instant case, plaintiffs sued the defendant Ford Motor Company as manufacturer of a defective vehicle, and the defendant Boggus Motor Company as seller of the defective vehicle with duty to inspect. Both defendants were sued as joint tortfeasors and money damages was sought jointly and severally against each defendant. In this event, either defendant is liable for the damages sustained by plaintiffs, and plaintiffs could have full satisfaction therefor by judgment and execution against either defendant. Moreover, an effectual decree could be rendered completely adjudicating plaintiffs' alleged cause of action against the Ford Motor Company without the joinder of the defendant Boggus Motors as a party defendant. Therefore, we hold that defendant Bogus was not a necessary party to plaintiffs' suit in Harris County, under the foregoing definition and as contemplated by Subdivision 29a. Tarrant v. Walker, Com.App., 140 Tex. 249, 166

S.W.2d 900, 902; Jaques Power Saw Co. v. Womble, Tex.Civ.App., 207 S.W.2d 206 (no writ hist.); Liles v. Winters Ind. Sch. Dist., Tex.Civ.App., 326 S.W.2d 182 (no writ hist.); Coleman County Telephone Co-op v. Cunningham, Tex. Civ.App., 318 S.W.2d 461, W/E Dis.; Ladner v. Reliance Corp., Sup.Ct., supra."

J. I. Case was not a necessary party herein as provided for by Section 29a of Art. 1995 as to hold venue in Moore County.

Before discussing the matters herein involved under Section 27 of Art. 1995 and the fact that the trial court overruled the appellant's plea of privilege, we must state we are familiar with the rule that in determining the sufficiency of the evidence to support such ruling of the trial court we are required to disregard all adverse evidence and to give credit to all evidence favorable to the judgment. There is another rule that is as well settled in venue matters as expressed in Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969 at 972 where it is stated:

"[1] The general rule of venue is, of course, that a defendant shall be sued in his own county, and however many and important are the exceptions contained in the statute, an equal doubt between the exception and the rule is to be resolved in favor of the rule. Stated differently, the application of the exception must clearly appear. Burtis v. Butler Bros., Tex.Sup., 226 S.W.2d 825, and cases cited at page 828. This principle has not been altered by Rule 47 or others of our Texas Rules of Civil Procedure. See Rule 816, which expressly refers to their effect on venue."

Appellee purchased the tractors from Tucker Equipment Company of Clovis, New Mexico, and as a part of the purchase price Tucker took in trade a Case swather for the consideration of $2,798.00. Tucker was a dealer and paid J. I. Case for the tractors. Appellee did not have any dealings with J. I. Case in purchasing the tractors. Appellee sought to hold venue in Moore Coun-

ty by contending that Brown Implement Company was an agent and representative of J. I. Case Company. Brown Implement Company had nothing to do with any of the transactions here involved. The agreement between J. I. Case Company and Brown Implement Company shows that Case was to ship the goods ordered by Brown Implement Company and Brown was to pay for the same and Brown, as dealer, was to resell at retail.

■ There is no evidence in this record to show that Brown had any authority to act in any matters in any degree whatever for J. I. Case Company. It is stated in Morris v. J. I. Case Credit Corporation, Tex.Civ.App., 411 S.W.2d 783 (n. r. e.) as follows:

"It is seen on careful examination of the December, 1961, contracts that they are replete with references to the fact that the dealer purchased the goods from Case for resale and was not the agent of Case. Virtually every paragraph of these contracts contains language to that effect. Therefore, the reservation of title by Case was as security for the purchase price, and the transactions involved were sales and not shipments on consignment. Art. 5489, Vernon's Ann.Civ.St. (repealed eff. June 30, 1966); Dallas Farm Machinery Co. v. Minneapolis-Moline Co., Tex.Civ. App., 324 S.W.2d 578; Grand Prize Distributing Co. of San Antonio v. Gulf Brewing Co., supra [Tex.Civ.App., 267 S.W.2d 906]."

■ In Pierce v. Ford Motor Company, Tex.Civ.App., 401 S.W.2d 355 (writ dism'd) it is stated:

"The plaintiff has the burden of establishing the venue facts, in this case, the existence of Ford Motor Company's agency or representative in Taylor County, by a preponderence of the evidence. Compton v. Elliott, (Tex.Com.App.) 88 S.W.2d 91; Reynolds & Huff v. White,

Tex.Civ.App., 378 S.W.2d 923. Plaintiff's evidence shows that the only warranty issued was by a retail dealer to his customer; that Ford Motor Company had no connection with it and that Arrow had no authority to act for Ford Motor Company concerning warranty. In General Motors Corporation v. Ewing, Tex.Civ. App., 300 S.W.2d 714, an automobile purchaser sued the manufacturer, alleging a defective condition. The manufacturer filed a plea of privilege. In that case the warranty came from the manufacturer. Complaints directed to the manufacturer were referred to the local dealer for inspection and report. The court reversed the trial court's judgment overruling General Motor's plea of privilege saying:

'Our view of the record is that the testimony fails to show that the defendant had any dealings or transactions with the plaintiff as regards the sale of the Buick car; plaintiff made his purchase from an independent automobile dealer. It seems to us that the dealer is in no way connected with defendant other than being in a position to resell the automobiles it buys from defendant.' "

See also Luse v. Valley Steel Products Co., 5 Cir., 293 F.2d 625.

We are of the opinion, and so hold, that there was no proof of agency between Brown Implement Company and J. I. Case Company but only a dealership which was the contractual relationship.

The judgment of the trial court overruling appellant's plea of privilege is reversed and judgment is here rendered ordering that the cause as to appellant J. I. Case Company be transferred to one of the district courts of Dallas County, Texas.

Reversed and rendered.

DENTON, C. J., not participating.