**J. W. BURROWS, Appellant,**

v.

**TEXAS KENWORTH COMPANY et al., Appellees.**

**No. 1043.**

Court of Civil Appeals of Texas, Tyler.

July 28, 1977.

Rehearing Denied Aug. 18, 1977.

Blake H. Bailey, Wellborn & Houston, Henderson, for appellant.

Dick P. Wood, Wood & Wood, Dallas, Joe Michael Russell, Sleeper, Williams, Johnston, Helm & Estes, Waco, for appellees.

MOORE, Justice.

This is an appeal from an order sustaining defendants' pleas of privilege. Plaintiff, J. W. Burrows, a resident of Rusk County, Texas, instituted suit against Texas Kenworth Company (Kenworth), a Texas Corporation domiciled in Dallas County, Texas, and Paccar Financial Corporation (Paccar), a Washington corporation with a permit to do business in Texas and having its principal offices and place of business in Dallas County, Texas. As grounds for a cause of action, plaintiff alleged that he had purchased five truck tractors from Kenworth which were financed by Paccar. He alleged that both before and after the warranty period, the 1969 and the 1971

model truck tractors purchased from Kenworth had repeatedly broken down due to the unsatisfactory condition of the units at the time they were purchased; that Kenworth, in accordance with its contract, had attempted to make repairs on numerous occasions and had billed him approximately $23,000.00 for repairs; and that the repairs were wholly inadequate and caused further breakdowns resulting in a loss of business both because of late runs and because of down time causing loss of freight charges of $4,250.00 on at least two occasions. Plaintiff further alleged that the repairs made after the expiration of the warranty were far inferior to the representations made by Kenworth's employees and representatives and, as a result, Kenworth breached its contract and was guilty of false, misleading or deceptive trade practices in violation of the Deceptive Trade Practices Act, Tex.Bus. & Comm.Code sec. 17.46(b) 5, 7, 12, 14, and 19. Plaintiff also alleged that he had been damaged in the amount of $75,000.00 by reason of the inadequate repairs and sought an accounting on the amount due and owing therefor.

Each of the corporate defendants filed a plea of privilege seeking to have the case transferred to Dallas County, Texas. In reply, plaintiff filed a controverting affidavit asserting that the suit was lawfully maintainable in Rusk County against both defendants under subdivisions 23, 27, 29a, 30 and 31 of art. 1995, Tex.Rev.Civ.Stat. Ann. The trial court sustained the plea of privilege of each defendant and ordered the cause transferred to the District Court of Dallas County.

We affirm.

At the hearing on the plea of privilege which was held before the trial court without a jury, plaintiff established that he was a resident of Rusk County, where he operated his trucking business. It was also established that Kenworth's offices and principal place of business were situated in Dallas County and that Kenworth also maintained a place of business in the eastern part of the city of Longview, which was situated in Harrison County, Texas. Plaintiff purchased the five tractors in question in Longview and it was there that he signed all the papers consummating each of the five transactions. It is undisputed that Paccar's only connection with the five transactions was the financing of the vehicles upon its receipt of Kenworth's assignment of the notes and chattel mortgages. Plaintiff made payments to Paccar by mailing the same to Paccar's Washington offices. Contrary to the allegations in plaintiff's petition, there is no evidence that Paccar was the alter ego of Kenworth or that Paccar had any connection whatsoever with plaintiff or with Kenworth other than financing the vehicles. It is undisputed that neither Kenworth nor Paccar had an office, a place of business, an agent or a representative in Rusk County.

The evidence shows that the plaintiff purchased the 1969 model tractor at Kenworth's place of business in Longview on November 20, 1972. At that time the tractor had been in use for over two years. The contract of sale recited that "the seller makes no warranty of merchantability or fitness for particular purpose. Used vehicles are sold as is with no warranties unless such warranties are in writing and signed by the seller." Under the contract of sale Kenworth warranted only the parts comprising the engine, transmission and rear axles. While the plaintiff testified that he took this vehicle back to Longview for repairs, there is no evidence that he took it back within the warranty period or that any of the warranted parts failed within the thirty-day warranty period. In substance, plaintiff testified that he took the tractor to Longview for repairs on several undisclosed dates and in each instance the tractor eventually broke down again.

In regard to the 1971 model tractor, the evidence shows that it was purchased by the plaintiff as a used tractor on February 5, 1973. The contract for the 1971 model tractor contained the same warranty provisions as did the contract for the 1969 model tractor except there was no thirty-day warranty on any of the parts. Plaintiff testified that the 1969 model tractor had also

been repaired by Kenworth at its Longview location and that such repairs likewise failed to last. He testified that as a result of the defective repairs both tractors were out of operation for what he considered to be an excessive amount of time and consequently caused him to lose profits from his business. He further testified that at the time he purchased each of the tractors, Kenworth represented to him that they were in good condition. He also testified that Kenworth represented to him that it could handle all repair work and have the trucks in operation again in a timely manner.

We find nothing in the record showing that any part of these transactions occurred in Rusk County. The only evidence tending to prove that anything at all occurred in Rusk County was plaintiff's testimony that a representative of Kenworth made the aforementioned representations concerning repair work during a telephone conversation with him in Rusk County.

By a single point of error plaintiff contends that the trial court erred in sustaining the pleas of privilege filed by each of defendants. We find no merit in plaintiff's contention.

█ It is the general rule in Texas that a defendant is entitled to be sued in his own county unless it clearly appears that one of the exceptions set forth in art. 1995, Tex. Rev.Civ.Stat.Ann., will apply. *Goodrich v. Superior Oil Co.*, 150 Tex. 159, 237 S.W.2d 969, 972 (1951). To sustain venue in a given case it is the plaintiff's burden to allege and prove the venue facts appropriate to the character of suit alleged. *Cowden v. Cowden,* 143 Tex. 446, 186 S.W.2d 69, 71 (1945).

By the order sustaining the pleas of privilege the trial judge has, by implication, resolved all questions of fact against the plaintiff. To obtain a reversal under these circumstances, plaintiff is required to show that his right to maintain the suit in Rusk County was conclusively established under one or more of the exceptions mentioned in art. 1995, supra.

█ In order to bring himself within the provisions of subdivision 23 of art. 1995, which permits "a private corporation" to be sued in "[any] county in which the cause of action or a part thereof arose," the plaintiff had the burden of establishing a cause of action and showing that either some part of the transaction creating the primary right, or some part of the transaction relating to the breach of that right, occurred in the county where the suit is brought. *Stone Fort Nat'l Bank v. Forbess,* 126 Tex. 568, 91 S.W.2d 674, 676 (1936); *Bengriffin Tractor Co. v. Garza,* 497 S.W.2d 69 (Tex.Civ.App.— Fort Worth 1973, no writ). For venue purposes damages are not ordinarily considered a part of the cause of action and usually it is not sufficient to show merely that the plaintiff sustained damages in the county of suit, when the genesis and the breach of the right occurred elsewhere. *Graves v. McCollum & Lewis,* 193 S.W. 217 (Tex.Civ. App.—Fort Worth 1917, no writ); 1 Mc-Donald, Texas Civil Practice, sec. 4.30.2, p. 521 (1965).

█ As we view the record, venue may not be maintained in Rusk County under subdivision 23, because no part of the transaction between the plaintiff and defendants occurred in Rusk County. It is undisputed that all contracts for the purchase of the tractors were made and executed in Harrison County and all repairs were made in that county. We cannot agree with the contention that the above described telephone conservation between a representative of Kenworth and the plaintiff in Rusk County constituted an express contract. As we view it, the statements made by Kenworth's representatives constituted nothing more than an expression of the opinion that Kenworth was capable of making the repairs in an expeditious manner. In any event, the record fails to show the date on which the statements were made, and the evidence fails to show that the plaintiff accepted or acted thereon after such representations were made. Rather than being a suit for the breach of an express promise, the cause of action asserted by the plaintiff is in the nature of a suit for breach of an implied promise to perform the work in a

workmanlike manner. Since all transactions relating to repairs occurred or arose exclusively in Harrison County and not in whole or in part in Rusk County where the suit was filed, plaintiff is in no position to claim the benefits of subdivision 23 in relation to his claim against Kenworth. Insofar as Paccar is concerned, the record is devoid of any proof that it had any connection with the repair transactions.

The suit is not maintainable against the defendants in Rusk County under subdivision 27 which provides for venue in cases involving foreign corporations. It is undisputed that Kenworth is a domestic corporation and for that reason would not be subject to this exception. It is likewise undisputed that although Paccar is a foreign corporation it has obtained a permit to do business in this state. For this reason Paccar is considered to be a resident of this state under the venue statute. *J. I. Case Co. v. Darcy*, 424 S.W.2d 501, 502 (Tex.Civ. App.—Amarillo 1968, no writ); *O. M. Franklin Serum Co. v. C. A. Hoover & Son*, 410 S.W.2d 272, 273 (Tex.Civ.App.—Amarillo 1966, writ ref'd n.r.e.). Since Paccar was shown to have been authorized to do business in this state, for venue purposes it must be treated as a domestic corporation and, therefore, that portion of subdivision 27 authorizing suit against foreign corporations in the county where plaintiff resides is inapplicable.

Next, plaintiff contends that venue was lawfully maintainable in Rusk County under the provision of Sec. 17.56 of the Deceptive Trade Practices Act, supra, which provides that suits arising under the Act may be commenced in the county in which the defendant resides, has his principal place of business or is doing business. We do not agree. Plaintiff's contention is based on the assumption that the alleged false representation amounted to a violation of the Act. In the absence of proof showing that the alleged false representation was made after May 21, 1973, the effective date of the Act, plaintiff failed to show that the applicability of the Act, and hence, failed to establish a cause of action. *Cape*

*Conroe, Ltd. v. Specht*, 525 S.W.2d 215 (Tex. Civ.App.—Houston [14th Dist.] 1975, no writ.). The contention is overruled.

Plaintiff's contention that venue was established in Rusk County under subdivision 31 of art. 1995 is likewise overruled. This exception provides, among other things, that in "Suits for breach of warranty by a manufacturer of consumer goods may be brought . . . in the county where plaintiff or plaintiffs reside." The plaintiff offered no evidence that either of the defendants was a manufacturer. For this reason, subdivision 31 cannot be invoked against either defendant. *White Stores, Inc. v. Fielding*, 533 S.W.2d 431, 433 (Tex.Civ.App.—Corpus Christi 1976, no writ).

Finally, we find no merit in plaintiff's contention that venue was lawfully maintainable in Rusk County against defendant Paccar under subdivision 29a of art. 1995. This subdivision provides that when the plaintiff sues two or more defendants in a county where venue is proper as to one defendant, the plaintiff may maintain venue therein against all necessary parties. In order to maintain venue against Paccar under this subdivision, plaintiff was required to establish that venue was properly laid in Rusk County for his cause of action against Kenworth. Subdivision 29a never operates alone. It is invoked only when no other exception reaches the defendant urging his plea of privilege, but there is another defendant (not residing in the county of suit) against whom venue is sustainable. 1 McDonald, Texas Civil Practice sec. 4.36.

The judgment of the trial court is affirmed.