**GULF OIL CORPORATION, Appellant,**

v.

**Doyle Wayne SENKIRIK et ux., Appellees.**

No. 5341.

Court of Civil Appeals of Texas, Eastland.

July 26, 1979.

Rehearing Denied Aug. 30, 1979.

R. Temple Dickson, Moore, Dickson, Roberts & Hall, Inc., Sweetwater, for appellant.

Tom F. Webb, Max Parker, Webb, Stokes & Sparks, San Angelo, for appellees.

RALEIGH BROWN, Justice.

This is a venue case. Doyle Wayne Senkirik and Phyllis Senkirik, parents of Doyle Wayne Senkirik, Jr., sued Gulf Oil Corporation and Grady Thompson, who sold Gulf Products in Brown County, asserting negligence and strict liability, seeking recovery of damages for the death of their son as a result of a fatal burning received in Brown County. Grady Thompson was dismissed from the lawsuit. Gulf Oil Corporation, a foreign corporation with its principal place of business in Houston, filed a plea of privilege which was controverted by plaintiffs, asserting Subdivisions 23 and 27, Tex.Rev. Civ.Stat.Ann. art. 1995. The plea of privilege was overruled. Gulf Oil Corporation appeals. We affirm.

Grady Thompson obtained diesel fuel from Gulf and stored it in a tank at his bulk plant. He delivered fuel from there to his customers in a compartmentalized truck owned and operated by him and his employees. Diesel was delivered to the Senkirik tank on January 18, 1977, and a few days later, Doyle, Jr., while fueling his father's truck, struck a lighter, which caused an explosion. Doyle, Jr. died as a result of the burns received in such explosion.

The evidence shows that the Gulf diesel in the Thompson tank was uncontaminated and the diesel in the Senkirik tank was contaminated, having a lower flash point than diesel should have. Thompson had had possession and control of the fuel for several days prior to the delivery to Senkirik.

It was established that Gulf Oil Corporation was a foreign corporation authorized to do business in Texas with its principal Texas office in Houston.

■ In order to maintain suit against a foreign corporation authorized to do business in Texas in a certain county, plaintiff must prove either that the corporation had an agent or representative in that county at or after the date of filing suit or that the cause of action or a part thereof arose in that county. *O. M. Franklin Serum Company v. C. A. Hoover & Son*, 410 S.W.2d 272 (Tex.Civ.App.—Amarillo 1966), writ ref'd n. r. e. per curiam, 418 S.W.2d 482 (Tex.1967): 1 McDonald, Texas Civil Practice § 4.30.4.

■ Gulf argues that there is no evidence that the diesel fuel was contaminated when it was delivered to Thompson. Gulf contends, in the absence of such evidence, Senkirik has not proved a cause of action under the doctrine of strict liability.

The court in *Pittsburg Coca-Cola Bottling Works of Pittsburg v. Ponder*, 443 S.W.2d 546 (Tex.1969) said:

The prime requirement for imposing liability on a seller under the rule of strict liability is proof by the plaintiff that he was injured because of a defective condition in the product when it left the hands of the particular seller. *Jack Roach-Bissonet, Inc. v. Puskar*, 417 S.W.2d 262, at 278 (Tex.Sup.1967). . .

Gulf contends that the evidence is clear any contamination of the fuel resulted after Gulf lost possession and control of it. Therefore, there is no basis for a finding of a cause of action based on strict liability and since there is no evidence of negligence, venue cannot be sustained under Subdivision 27, Tex.Rev.Civ.Stat.Ann. art. 1995 [1]

1. Subdivision 27 provides:

Foreign corporations.—Foreign corporations, private or public, joint stock companies or associations, not incorporated by the laws of this State, and doing business within this State, may be sued in any county where the cause of

unless Gulf is shown to have had an agent or representative in Brown County at the time suit was filed.

It was stipulated that the contracts representing the relationship between Gulf and Thompson were the same as those between Gulf and Thompson's successor. Those contracts provided in part: "Consignor's stock shall remain the property of consignor until sold in the regular course of business."

At the time Gulf delivered fuel to the distributor's bulk plant, the fuel stocks were not sold to the distributor; title to same never passed. When the distributor received an order for such fuel, he prepared a Gulf letterhead delivery ticket; delivered the fuel; collected the money from the purchaser; and deposited the money in a separate bank account under Gulf's name. Such proof supports a finding that Thompson was Gulf's agent at the time of the occurrence.

No findings of fact or conclusions of law were requested or filed by the trial court and, therefore, the judgment should be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Lassiter v. Bliss,* 559 S.W.2d 353 (Tex.1977); *Bishop v. Bishop,* 359 S.W.2d 869 (Tex.1962).

Although the court made certain findings at the conclusion of the evidence, as stated by the court in *White v. White,* 519 S.W.2d 689 (Tex.Civ.App.—San Antonio 1975, no writ):

> The oral pronouncements of the trial judge made during the trial cannot be accepted as substitutes for the written findings of fact and conclusions of law authorized by Rule 296, Texas Rules of Civil Procedure (1967); *Gasperson v. Madill National Bank,* 455 S.W.2d 381 (Tex. Civ.App.—Fort Worth 1970, writ ref'd n. r. e.); *Murray v. Murray,* 350 S.W.2d 593 (Tex.Civ.App.—Dallas 1961, no writ).

The evidence established that the diesel fuel was not contaminated after being delivered to Senkirik by Thompson. It was

Gulf's property until delivered and sold to Senkirik by Gulf's agent Thompson. The diesel fuel was, therefore, sold directly from Gulf to Senkirik and was contaminated at the time it was sold. Senkirik, therefore, made out a cause of action of strict liability in tort. *McKisson v. Sales Affiliates, Inc.,* 416 S.W.2d 787 (Tex.1967). The trial court correctly overruled Gulf's plea of privilege.

We have considered and overrule all of Gulf Oil Corporation's points of error. The judgment is affirmed.

action or a part thereof accrued, or in any county where such company may have an agency or representative, or in the county in which the principal office of such company may be situated; or, when the defendant corporation has no agent or representative in this State, then in the county where the plaintiffs or either of them, reside.