SUMITOMO CORPORATION OF AMERICA, Appellant,

v.

JAMES K. ANDERSON, INC., Appellee.

No. 20408.

Court of Civil Appeals of Texas, Dallas.

April 17, 1980.

C. A. Searcy Miller, Dallas, for appellant.

Eugene W. Brees, II, Thompson & Knight, Dallas, for appellee.

Before ROBERTSON, CARVER and HUMPHREYS, JJ.

ROBERTSON, Justice.

This is an appeal from an order of the district court overruling the plea of privilege of the appellant, Sumitomo Corporation of America, to be sued in Harris County, Texas. A controverting affidavit relying on sections four and twenty-seven of Tex.Rev.Civ.Stat.Ann. art. 1995 (Vernon 1964), was filed by the appellee, James K. Anderson, Inc. We affirm the trial court's action.

Appellant raises five points of error as follows: The trial court erred in overruling the plea of privilege of appellant because no proof was offered (1) of an exception to the right of venue under article 1995, section 27; (2) of an exception to the right of venue under article 1995, section 4; (3) that appellant manufactured the defective pipe in question; (4) that the appellant was respon-

sible for the damages in question; (5) that the amount of damages was sufficient to invoke the court's jurisdiction. We find that the trial court's action was proper because an exception to venue in the county of one's residence exists and was proven under section twenty-seven.

■ Section twenty-seven provides that foreign corporations, not incorporated by the laws of this State and doing business within this State, may be sued in any county where such company may have an agency or representative. In reply to interrogatories, which were admitted into evidence before the trial court, appellant stated that it had had an office in Dallas County since 1961 and that five employees were presently working in that office. On this appeal, appellant does not contend that these employees did not have sufficient discretionary powers to constitute them as an agent or representative of appellee. See *Rouse v. Shell Oil Co.*, 577 S.W.2d 787, 789 (Tex.Civ. App.-Corpus Christi 1979, writ dism'd). Thus, the requirement of section twenty-seven that the company have an agency or representative in the county in which suit is brought was satisfied. Appellant did not deny under oath its status as a foreign corporation, and consequently, this fact is deemed admitted. *Crosby v. Safeway Stores, Inc.*, 568 S.W.2d 412, 413 (Tex.Civ. App.-Texarkana 1978, writ dism'd). Appellee therefore proved the statutory elements necessary to establish this exception to venue in appellant's county of residence.

■ Nevertheless, appellant contends that a question remains whether section twenty-seven is applicable to appellee. Appellant asserts that once a foreign corporation obtains a permit to do business in Texas, it becomes a Texas resident, and thereafter section twenty-seven does not apply because a Texas resident cannot be a foreign corporation. Appellant bases this argument on the holding in *Burrows v. Texas Kenworth Co.*, 554 S.W.2d 300, 304 (Tex. Civ.App.-Tyler 1977, writ dism'd), which upheld the identical contention. The court in *Burrows* relied upon two other cases in reaching its conclusion. See *J. I. Case Co.*

*v. Darcy,* 424 S.W.2d 501 (Tex.Civ.App.-Amarillo 1968, writ dism'd), and *O. M. Franklin Serum Co. v. C. A. Hoover & Son,* 410 S.W.2d 272 (Tex.Civ.App.-Amarillo 1966, writ ref'd n. r. e.). These two cases, however, did not hold that section twenty-seven is inapplicable to foreign corporations authorized to do business in this State, but rather held that foreign corporations become residents of Texas for purposes of venue determination under section three of article 1995 once those corporations obtain a permit to do business in this State. *J. I. Case Co. v. Darcy,* 424 S.W.2d at 502–03; *O. M. Franklin Serum Co. v. C. A. Hoover & Son,* 410 S.W.2d at 273. The court in *Burrows* erroneously concluded that the transformation from nonresident status to resident status also affected a corporation's status as foreign or domestic. We disagree with this conclusion and accept instead the conclusion of the Beaumont Court of Civil Appeals that a corporation's status as foreign or domestic is not affected by whether it has obtained a permit to do business in Texas. *Home Indemnity Co. v. Hicks,* 488 S.W.2d 614, 615–16 (Tex.Civ.App.-Beaumont 1972, writ dism'd); *see, e. g., Gulf Oil Corp. v. Senkirik,* 586 S.W.2d 157, 158–59 (Tex.Civ.App.-Eastland 1979, no writ); *John Deere Co. v. Ramirez,* 503 S.W.2d 382, 384–85 (Tex.Civ.App.-Amarillo 1973, writ dism'd); *Andretta v. West,* 318 S.W.2d 768, 771 (Tex.Civ.App.-Texarkana 1958, writ ref'd n. r. e.).

Accordingly, we hold that appellee properly established an exception under section twenty-seven of article 1995 to venue in appellant's county of residence. Since this exception was properly sustained by the trial court and the plea of privilege overruled based thereon, we need not address appellant's point of error relating to section four. Neither need we address appellant's other points of error because at a plea of privilege hearing to the court, questions going to the court's jurisdiction or questions going to the merits of the action are not in issue unless raised by the requirements of the venue provision. *Farmers' Seed & Gin Co. v. Brooks,* 125 Tex. 234, 239, 81 S.W.2d 675, 677 (1935); *Fields v. Payne,* 342 S.W.2d 363, 365 (Tex.Civ.App.-Austin 1961, no writ); *Highway Motor Freight Lines v. Slaughter,* 84 S.W.2d 533, 535, 538 (Tex.Civ.App.-Dallas 1935, no writ); Tex.R. Civ.P. 89.

Affirmed.